N. S. CARDWELL v. W. H. GARRISON, W. L. B. GARRISON and SALLIE
J. GARRISON.

(Filed 28 April, 1920.)

1.  **Corporations—By-Laws—Shareholders—Notice—Independent    Transactions.**

The principle by which a shareholder in a corporation is bound by a
corporate resolution regularly passed pursuant to its charter and by-laws,
prevails only in reference to his status and rights as a shareholder and
not where he deals independently with it as one of its customers in the
line of its business.

2.  **Principal and Agent—Bills and Notes—Negotiable Instruments—General Agent—Apparent Authority—Secret Limitations—Corporations—By-Laws—Shareholders—Notice.**

It is in the scope of the authority of the president of a corporation,.in
charge of its affairs, implied as agent from his official position and
duties, to endorse or transfer notes given to it to purchasers thereof, and
where  a shareholder therein has become a purchaser of its negotiable
notes before maturity, without notice and for a sufficient consideration
·and the notes have been endorsed or transferred to him by the president
thereof, the mere fact that he was a shareholder therein does not fix him
with notice that under its by-laws authorized by its charter, only the
secretary and treasurer of the corporation was authorized to make the
endorsement.    ·

3.  **Same—Title—Purchasers for Value.**

A by-law of a corporation authorizing only its secretary and treasurer
to endorse notes held by it to a purchaser is a secret limitation upon
the implied or apparent powers of the president to do so, and does not
affect the passing of the title to such instrument by the president's en-
dorsement to a purchaser for value, before maturity and without actual
notice, though such endorsee be a shareholder in the corporation at that
time.                                                     ·

4.  **Same—Due Course.**                                  .

A shareholder in a corporation purchased a note held by it before
maturity, for value and without actual notice of a by-law requiring that
only its secretary and treasurer could make a valid endorsement, and
accepted the transfer from its president, for which the company received
the consideration or its greater part. *Held*, the purchaser is one in due
course, and maintain his action against the makers of the notes and the
secret limitation upon the apparent authority of the president of the
corporation by its by-laws does not affect his title.

Civil action, tried before *Calvert, J.,* and a jury, at January Term,
1920, of Alamance.

The action is to recover the amount purporting to be due on four
negotiable promissory notes executed by defendants to the Twin City
Monument Company aggregating $1,275 principal money, with interest,

and endorsed by said company to plaintiff for value before maturity, through William P. Sharp, its then president.

There was allegation with evidence on the part of defendant tending to show that these notes were given for shares of stock in said company, and that defendants were induced to sign the same by false and fraudulent representations on the part of said Sharp—defendants contending that this defense was open to defendants as against the plaintiff, who was shown to be a stockholder in the company, and by reason of a resolution passed by the directors in force at the time, requesting that all contracts, checks, or valuable papers should be signed by the secretary and treasurer of the company, and that no order should be valid without such signature.

There were also facts in evidence tending to show that plaintiff had paid in purchase of notes very near the full value of same. That the company had received such payment, or a large portion of it, etc.

It was admitted in the record and on the argument that at the time plaintiff acquired such notes as stated he had no actual notice of the alleged fraud nor of the resolution of the directors restricting the powers of the president as to the signing of business papers of the company.

The court, being of opinion that on the admissions of the parties and the evidence, if believed, the plaintiff was entitled to recover, so instructed the jury. Verdict for plaintiff. Judgment, and defendants excepted and appealed.

*J. Elmer Long, W. S. Coulter, and Gattis & Gattis for plaintiff.*
*Parker & Long for defendants.*

HOKE, J. Defendants except to the validity of this recovery on the ground that plaintiff being a stockholder in the Twin City Monument Company is affected with constructive notice of the limitations put upon the power of the president to endorse the notes sued upon, and is conclusively bound by them. The position, as we understand it, being that as to plaintiff the legal title has not passed from the company, and the claim is open to any defenses that could be made against the company. This, though it is admitted that the plaintiff had no actual knowledge of the resolution of the directors on the subject.

It is very generally true that a stockholder is bound by a corporate resolution regularly passed pursuant to its charter and by-laws. *Meisenheimer v. Alexander,* 162 N. C., 227-233, but the principle prevails only in reference to his status and rights as a stockholder, and in a transaction where the stockholder deals with the company as a customer in an independent business relation he is entitled to have his rights considered and determined in that aspect.

The position adverted to is very well stated in *Pearsall v. W. U. Tel. Co.,* 124 N. Y., 256, as follows: "A shareholder in a corporation is not chargeable with constructive notice of restrictions adopted by a board of directors or of provisions in the by-laws regulating the mode in which its business shall be transacted with its customers." And so stated is very generally recognized and approved as the rule that should prevail on the subject. 14 Corpus Juris, p. 845, sec. 1285; 7 R. C. L.; Corporations, sec. 282, p. 306; 2 Cook on Stockholders; Cook on Corporations (3 ed.), sec. 727, p. 1121. This being true, the legal title to these notes would, in our opinion, pass by the endorsements of the president of the company, notwithstanding the resolution of the directors establishing limitations upon his powers. Such endorsement being within the scope of his apparent powers, and coming under the accepted and wholesome rule that a principal who has clothed his agent with apparent authority to do an act may not repudiate such authority, and the effect of it by reason of private instructions or limitations uncommunicated or unknown to the other party.

On the facts presented, not only is the president shown to be in charge of the company's transactions of this character, giving him the *prima facie* right to make the endorsement, but it appears also that the money procured by reason of this endorsement, or the great bulk of it, has been turned over, and is now held by the company, and in every aspect of the matter, therefore, the endorsement should be upheld as effective to pass the legal title to the purchaser. *Morris v. Basnight,* at present term; *R. R. v. Smitherman,* 178 N. C., 595; *Trollinger v. Fleer,* 157 N. C., 81; *Watson v. Proximity Mfg. Co.,* 147 N. C., 469. In *Smitherman's case* the principle applicable is stated as follows:

"Secret limitations upon the authority of an agent to bind his principal contrary to the usual or apparent authority conferred upon agencies of like character, are not binding upon those dealing with such agent when unknown to them, and they are under no obligation to inquire into the agent's actual authority; and where they have dealt with the agent, relying upon his apparent authority in good faith, in the exercise of reasonable prudence, the principal will be bound by the agent's acts in the usual and customary mode of doing such business, though the agent may have acted in violation of his private instructions."

And in *Trollinger v. Fleer, supra,* it was held further: "When one person holds another out as his agent and thereby induces others to act to their prejudice, upon the assumption that he had full authority to represent him, it is the same in law as if he had expressly authorized him to do so; or, if he ratifies what he did, it is the same, in effect, as if he had in the beginning actually and expressly conferred the requisite authority."

And it appearing further from the record that plaintiff so holding the notes by endorsement before maturity has bought for a full and fair price without knowledge or notice of the alleged fraud or of the facts tending to establish it, we concur in his Honor's view that the evidence presents no valid-objection to plaintiff's recovery on the notes as holder in due course.

We find no error in the record, and judgment for plaintiff is affirmed. No error.