L. T. WHITE v. K. B. JOHNSON AND SONS, INCORPORATED.

(Filed 24 January, 1934.)

**Corporations G c—President has apparent power to sign note for corporation, and secret limitation on his powers will not bind payee.**

Where in a suit on a negotiable note against the corporate maker the payee introduces in evidence the note signed in the name of the corporation by its president, with one payment of interest thereon, and testifies that he had loaned the money to the corporation and received the note as evidence of the debt, the exclusion of evidence offered by defendant on the plea of *ultra vires* that the money was used by the president for a personal obligation and that he had no authority to sign the note for the corporation is not error, C. S., 3004, 3008, 3041, 1145, the president of the corporation having implied power to sign the note and secret limitations on his authority not being binding on plaintiff, and the corporation having placed its president in a position to mislead plaintiff and cause the loss, and the corporation having ratified the act by payment of interest.

APPEAL by defendant from *Cranmer, J.,* at June Term, 1933, of WAKE. No error.

The complaint of the plaintiff, in part, is as follows: "That of date 3 November, 1931, the plaintiff, L. T. White, loaned to the defendant, K. B. Johnson and Sons, Incorporated, the sum of $2,000 in cash and as evidence of said indebtedness received from the defendant, K. B. Johnson and Sons, Incorporated, its promissory note of date 3 November, 1931, due in sixty days, and made for the principal sum of $2,000. That said note matured and became due on 2 January, 1932, and the plaintiff called on the defendants for payment. That payment was promised from time to time but up until this date no payment has been made, and the defendant, K. B. Johnson and Sons, Incorporated, are justly indebted to the plaintiff, L. T. White, in the full sum of $2,000, together with interest from 2 January, 1932, until paid." The defendant pleaded *ultra vires* and no authority.

The plaintiff's testimony was as follows: "That on 3 November, 1931, he lent $2,000 to K. B. Johnson and Sons, Incorporated, and received as evidence of the debt a note for $2,000, which was the note sued upon, said note being due sixty days after date.

Mr. White stated that nothing had been paid upon the note, except one payment of interest to 2 January, 1932. The plaintiff offered the note in evidence and rested."

The defendant offered certain evidence which was excluded by the court below, which will be considered in the opinion. The court below charged the jury as follows:

"The plaintiff is Mr. L. T. White and the defendant is K. B. Johnson and Sons, Incorporated. The plaintiff sues on a certain promissory

note, which has been introduced in evidence in the sum of two thousand dollars, dated 3 November, 1931, and due sixty days after date. The only issue is: 'What sum, if any, is the defendant indebted to the plaintiff?'

If you find, gentlemen, by the greater weight of the evidence the facts to be as the evidence tends to show, I instruct you to answer the issue, '$2,000 and interest from 2 January, 1932.' "

The issue and answer of the jury thereto was as follows:

"In what amount, if any, is defendant indebted to plaintiff? Answer: $2,000 and interest from 2 January, 1932."

The defendant made certain exceptions and assignments of error which will be considered in the opinion.

*Bunn & Arendell for plaintiff.*
*A. J. Fletcher and John W. Hinsdale for defendant.*

CLARKSON, J. The note in controversy was signed, "K. B. Johnson and Sons, Incorporated, by K. B. Johnson, president." The note was for $2,000. Payable at 60 days. Nothing has been paid on the note except one payment of interest to 2 January, 1932. The plaintiff testified that "he lent $2,000 to K. B. Johnson and Sons, Incorporated, and received as evidence of the debt a note for $2,000."

C. S., 3004: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

C. S., 3008: "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

C. S., 3041: "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

The defendant did not set up the plea of payment, fraud or mutual mistake. The defendant attempted to show (1) that the money received from plaintiff was to pay a note of the Hanover Land and Timber Company, endorsed by K. B. Johnson and others; (2) that K. B. Johnson, the president of defendant's company had no authority to execute the note sued on. This evidence was excluded by the court below and defendant excepted and assigned errors. We think the court below was correct in excluding this evidence.

In *Beck v. Wilkins-Ricks Co.,* 186 N. C., 210 (214), we find: "C. S., 1145, says: 'Every corporation organized under this chapter shall have a president, secretary and treasurer, etc.'

Under the facts in this case, we are of opinion that L. P. Wilkins, secretary and treasurer of defendant corporation, had a right to make the promise, and it was in the implied scope of his employment. The business of the corporation could not be successfully carried on if he was so limited that in transactions of this kind he had no authority. *Strickland v. Kress,* 183 N. C., 537; *Powell v. Lumber Co.,* 168 N. C., 632." *Lumber Co. v. Elias,* 199 N. C., 103. The interest was paid and the giving of the note was impliedly ratified. *Morris v. Y. & B. Corp.,* 198 N. C., 705.

In *Caldwell v. Garrison,* 179 N. C., 476 (478): "This being true, the legal title to these notes would, in our opinion, pass by the endorsements of the president of the company, notwithstanding the resolution of the directors establishing limitations upon his powers. Such endorsement being within the scope of his apparent powers, and coming under the accepted and wholesome rule that a principal who has clothed his agent with apparent authority to do an act may not repudiate such authority, and the effect of it by reason of private instructions or limitations uncommunicated or unknown to the other party."

"The president of a corporation is *ex vi termini* its general agent." *Trust Co. v. Transit Lines,* 198 N. C., 675 (679).

Another sound principle is applicable to the facts in this case in *Thompson v. Assurance Society,* 199 N. C., 59 (69).

"Where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss." *R. R. v. Kitchin,* 91 N. C., at p. 44; *Bank v. Liles,* 197 N. C., at p. 418. In law, we find no error in the judgment of the court below.

No error.