**MAY APPAREL GROUP, INC., Plaintiff,**

v.

**AVA IMPORT–EXPORT, INC., Defendant.**

No. 2:94CV00398.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Sept. 15, 1995.

94

Charles Robert Rhodes and James Lee Lester, Rhodes, Coats & Bennett, L.L.P., Greensboro, N.C., for plaintiff.

Michael E. Weddington, Herbert Howard Browne III, and Robert C. Glesener, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on defendant's Motions to Dismiss Count V of the complaint and for Summary Judgment and on plaintiff's Motion to Amend the Complaint and Add a Party. For the reasons stated herein, the Court will grant defendant's Motion to Dismiss Count V and will deny defendant's Motion for Summary Judgment and plaintiff's Motion to Amend the Complaint and Add a Party.

## FACTS

Plaintiff is a North Carolina corporation which manufactures and sells children's clothing throughout the United States. A large portion of plaintiff's business involves girl's dresses.

Plaintiff claims to have used the trademark "PEACHES 'N CREAM" in connection with its sales of girl's dresses continuously since 1947. Plaintiff states that it has used the trademark "PEACHES 'N CREAM" in its advertising for its girl's dresses in various trade publications. The mark "JUST PEACHY" has also been used by plaintiff in the manufacture and sale of girl's dresses since 1985.

Plaintiff obtained United States trademark registration No. 1,318,226 for the mark "PEACHES 'N CREAM" on February 6, 1985. This trademark was registered for clothing in Class 25, including "children's clothing—namely girls dresses ...". Although not registered, plaintiff claims a common law trademark in the mark "JUST PEACHY".

Defendant is a California corporation which arranges for the manufacture and marketing of childrens' clothing bearing the mark "PEACHY KIDS". Defendant claims that this mark was first used in commerce in October of 1985. Defendant further claims that it has no ownership rights in the "PEACHY KIDS" mark, instead claiming that the mark is registered to, and owned by Mr. Shaun Chen ("Chen"), defendant's chief executive officer.

Chen obtained United States trademark registration No. 1,621,351 on November 6, 1990. The mark "PEACHY KIDS" was registered for clothing in Class 25, including "boys and girls apparel, namely outerwear, sweaters, skirts, knit tops, shorts, slacks, jeans, scarves, hats, underwear, blouses, shoes and pajamas ..."

The "PEACHES 'N CREAM" mark is written in block letters in a straight line. The lettering is displayed in light green on a creamy white background.

The "PEACHY KIDS" mark is written in block letters in an arch pattern with the two words separated by a heart. Under the arched words are the figures of two children holding hands and dancing. The mark is displayed in a multicolored pattern using five distinct colors on a white background.

Plaintiff contends that it became aware of defendant's usage of the mark "PEACHY KIDS" in November 1992 when plaintiffs wrote to defendant requesting defendant discontinue using its mark. Defendant did not discontinue it usage and plaintiff subsequently filed this action.

## DISCUSSION

### I. Motion to Amend the Complaint and Add a Party

Defendant's initial motion was to dismiss Count V of plaintiff's complaint for failure to state a claim upon which relief can be granted or in the alternative for failure to join an indispensable party. F.R.Civ.P. 12(b)(6) and 12(b)(7). In response to defendant's motion to dismiss, plaintiff filed a motion to amend the complaint and to add an additional defendant.

A Rule 12(b)(6) motion should only be granted in very limited circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). The Fourth Circuit has stated that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id.*

■ Based on *Rogers*, the question becomes whether the Complaint, taken in the light most favorable to plaintiffs, states any valid claim for relief. In deciding whether a claim has been stated, Rule 8 of the Federal Rules of Civil Procedure requires only "notice pleading" such that a defendant receives fair notice from the complaint of the claim and the grounds on which the claim rests. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The *Conley* court determined that discovery along with other pretrial procedures were more suited to allowing the parties to narrow and define the factual disputes. *Id.* at 47, 78 S.Ct. at 102–03.

Defendant has moved to dismiss Count V for either failure to state a claim, 12(b)(6), or for failure to join an indispensable party under F.R.Civ.P. 19, 12(b)(7). The basis of defendant's argument is the same regardless of which procedural rule is applied. Count V of plaintiff's complaint requests that defendant's trademark registration be canceled pursuant to 15 U.S.C. § 1119, which allows a court to determine the right to registration or cancel a registration of *any party* to the action. (emphasis added). Defendant contends that the statute's plain meaning indicates that the owner of the trademark in question must be a party to any action to cancel the trademark. Thus, defendant contends that since Chen is the owner of the "PEACHY KIDS" trademark, he must be a party to any action to cancel the trademark. Defendant concludes that Chen is an indispensable party and Rule 12(b)(7) requires the dismissal of Count V.

■ F.R.Civ.P. 19(a) requires that a party, subject to service of process, be joined if:

(1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest".

If such party cannot be joined as a party, F.R.Civ.P. 19(b) requires the court to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." In making this determination the court is to consider the following factors: 1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties, 2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, 3) whether a judgment rendered in the person's absence will be adequate, 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ Several courts have applied the above factors and have determined that trademark owners are indispensable parties under Rule 19 for the purposes of canceling a trademark. *JTG of Nashville, Inc. v. Rhythm Band, Inc.,* 693 F.Supp. 623 (M.D.Tenn.1988); See also *Discount Muffler Shop, Inc. v. Meineke Realty Corp., Inc.,* 535 F.Supp. 439 (N.D.Ohio 1982), *Earl v. Peverett,* 20 U.S.P.Q.2d 1559, 1991 WL 33281 (S.D.N.Y.1991). Classifying trademark owners as indispensable parties serves several purposes. It protects absent trademark owners for the estoppel effect of a judgment in which the trademark owner did not participate and which determined the trademark to be invalid. It protects plaintiff's interest in avoiding multiple suits concerning the same basic facts, and it protects the public interest in efficiently utilizing judicial resources. Applying the above factors in a logical manner, the owner of a trademark is an indispensable party to any action to cancel the trademark.

■ A determination that the "PEACHY KIDS" trademark is invalid would definitely prejudice Chen's rights. As the owner of a registered trademark, Chen should be a party to any action to cancel his trademark. There seems to be no simple way to lessen the affect on Chen. There is no middle ground, either Chen's trademark is canceled or his trademark is left intact. However, plaintiff can obtain the relief it seeks if defendant is prevented from using the allegedly infringing trademark. Defendant appears to be the sole manufacturer using Chen's trademark, thus if defendant is prevented from using the mark, plaintiff's infringement concerns will be resolved. This will still allow Chen to license his mark to other manufacturer in the future, but, nothing in this action prevents plaintiff from filing a separate action against Chen to cancel the "PEACHY KIDS" trademark. After applying all of the Rule 19(b) factors, it is determined that Chen is a indispensable party to any action to cancel the "PEACHY KIDS" trademark.

■ In response to defendant's Motion to Dismiss Count V, plaintiff moved to amend their complaint and add Chen as a party to this action. Plaintiff's amended complaint is identical to the original complaint except for

the addition of a claim against Chen. Defendant contests the amendment of the complaint as well as the addition of Chen as an additional defendant.

Defendant argues that this court lacks personal jurisdiction over Chen and therefore, this Court lacks the power to make Chen a party to this action. Defendant contends that personal jurisdiction is lacking because Chen does not have sufficient contacts with this forum to satisfy the requirements of personal jurisdiction.

■ Establishing personal jurisdiction is plaintiff's burden and plaintiff must at least establish a prima facie case of personal jurisdiction. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56 (4th Cir.1993). To establish personal jurisdiction, plaintiff must show that the North Carolina long-arm statute confers personal jurisdiction over Chen and that the exercise of personal jurisdiction over Chen would not violate the Due Process Clause of the United States Constitution. *Mylan Labs.,* at 60. North Carolina's long-arm statute has been held to extend to the limits of the due process clause. *Dillon v. Numismatic Funding Corp.,* 291 N.C. 674, 231 S.E.2d 629 (1977). The issue thus becomes whether exercising personal jurisdiction over Chen would violate the due process clause.

■ In order for a court to exercise personal jurisdiction over someone not present in the state, the person must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend the traditional notion of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Personal jurisdiction may be of two types, either general or specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In order to establish general jurisdiction, plaintiff must allege "fairly extensive" contacts between a defendant and the forum state. *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195 (4th Cir.1993). Plaintiff has not alleged that Chen has had any direct contact with North Carolina, thus the court cannot exercise general jurisdiction over Chen.

■ Specific jurisdiction is available when a suit arises out of a defendant's contact with the forum state. *Helicopteros Nacionales de Colombia, S.A.* at 414 n. 8, 104 S.Ct. at 1872 n. 8. However, defendant must purposefully direct his activities at the resident of the forum before specific jurisdiction may be exercised. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiff has failed to present any evidence that Chen, in his individual capacity, had any contacts with North Carolina. Instead, plaintiff argues that Chen has sufficient minimum contacts with North Carolina as a result of defendant's actions.

Plaintiff argues that Chen is defendant's CEO and as such, defendant was acting as Chen's agent. Plaintiff then concludes that since defendant has sufficient minimum contacts with North Carolina, it must follow that Chen also has sufficient minimum contacts. *White v. K.B. Johnson & Sons,* 205 N.C. 773, 172 S.E. 370 (1934). However, it would be an unusual situation where the corporation acted as the agent of the CEO. A scenario could be imagined where a CEO of a corporation exercised so much control over a corporation so as to make the corporation a mere alter ego of the CEO. However, plaintiff has not produced any evidence to indicate that Chen exercised sufficient control of defendant such that it would be proper to classify defendant corporation as an agent of Chen.

■ It is also well established that a corporation is a separate and distinct legal entity for its officer and directors. *Quick v. Quick,* 305 N.C. 446, 290 S.E.2d 653 (1982). Thus, corporate employees are not subject to personal jurisdiction, even as to the employee's corporate activities unless the employee has sufficient minimum contacts with the forum. *Western Steer–Mom 'N' Pop's, Inc. v. FMT Invest., Inc.,* 578 F.Supp. 260 (W.D.N.C.1984).

Plaintiff argues that defendant's acts should be attributed to Chen since he is defendant's CEO. This ignores that fact that Chen is defendant's agent and not the

other way around. Without some personal contacts between Chen and North Carolina, or some evidence sufficient to pierce defendant's corporate veil, the court lacks personal jurisdiction over Chen. Accordingly, plaintiff's Motion to Amend the Complaint and add Chen as a party would be futile because Chen is not subject to personal jurisdiction in North Carolina. Therefore, plaintiff's Motion to Amend the Complaint and to add a party is denied.

## II. Motion for Summary Judgment

Defendant has moved for summary judgment on the grounds that there is no genuine issue of material fact. Defendant contends that there is no likelihood of confusion between plaintiff's trademark and defendant's trademark. In order to recover for a claim of trademark infringement, plaintiff must establish that (1) ownership, (2) of a valid trademark, (3) which was used by defendant in a trademark sense without plaintiff's consent, (4) in a manner likely to cause confusion. 15 U.S.C. § 1114. In the present action, the question of whether or not defendant's mark is likely to cause confusion is the primary question.

 Plaintiff need not show actual confusion, plaintiff must only show a likelihood of confusion. *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145 (4th Cir.1987). The Fourth Circuit has specified several factors that should be used to determine likelihood of confusion: (1) the strength of plaintiff's mark, (2) the degree of similarity between the two marks, (3) the similarity of the goods they identify, (4) the similarity of the facilities used in the business, (5) the similarity of the advertising, (6) the defendant's intent, and (7) the presence of actual confusion. *Pizzeria Uno Corp v. Temple*, 747 F.2d 1522, 1527 (4th Cir.1984).

Defendant argues that there are sufficient differences in the two marks so that it should be held as a matter of law that the two marks are not likely to be confused. Defendant also argues that plaintiff has failed to provide any evidence of actual confusion. However, defendant's argument fails to address several of the *Pizzeria* factors.

Applying the *Pizzeria* factors in order to determine the likelihood of confusion is likely to be a difficult and fact intensive process. Certainly determining the similarity between the trademarks, the similarity of the goods the trademarks identify and the similarity of the advertising are all questions of fact rather than law. Careful attention must be given to the evidence to determine whether plaintiff has presented sufficient proof that there is a genuine likelihood of confusion. Whether or not there is a likelihood of confusion is a question of fact and as such this court cannot answer the question at this stage in the proceedings. Since there remains a genuine question of material fact, summary judgment is inappropriate. According, defendant's Motion for Summary Judgment is denied.

**IT IS THEREFORE, ORDERED** that defendant's Motion to Dismiss Count V be, and the same hereby is, **GRANTED**. It is further ordered that defendant's Motion for Summary Judgment and plaintiffs Motion to Amend the Complaint and Add a Party be, and the same hereby are, **DENIED**.