**JAGUAR CARS LTD., and Jaguar Cars, a division of Ford Motor Co.,**
Plaintiffs,

v.

**MANUFACTURES DES MONTRES JAGUAR, S.A., Festina, U.S.A., Inc., and Universal Watch and Jewelry Co., Defendants.**

No. 99–CV–76306–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 21, 2000.

Ernie L. Brooks, George R. Mosher, Jr., Maria Angileri, Brooks & Kushman, Southfield, MI, for Jaguar Cars, Ltd.

Thomas N. Young, Amanda L. Conti Duhaime, Christian J. Garascia, Young & Basile, Troy, MI, for Festina U.S.A., Inc.

## OPINION

DUGGAN, District Judge.

On July 23, 1999, Plaintiffs filed a five-count complaint against Defendants Manufactures Des Montres Jaguar, S.A. ("MMJ"), Festina, U.S.A., Inc. ("Festina"), and Universal Watch and Jewelry Company ("Universal"), asserting claims of unfair competition and dilution under the Lanham Act (Count I), trademark infringement under the Lanham Act (Count II), cancellation of trademark number 1,219,068 (Count III), common law unfair competition (Count IV), and common law trademark infringement (Count V). In lieu of answering the complaint, MMJ, the owner of trademark number 1,219,068, moved to dismiss for lack of personal jurisdiction. In an Opinion and Order dated February 29, 2000, the Honorable Barbara K. Hackett, to whom this case was originally assigned, granted MMJ's motion to dismiss.

Thereafter, on March 20, 2000, Defendant Festina filed a motion to dismiss this action pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to join a necessary party, *i.e.,* MMJ. During oral argument on June 15, 2000, Plaintiffs, conceding that their cancellation claim possibly required MMJ's

presence, offered to voluntarily dismiss that claim (Count III). The Court then ordered the parties to provide supplemental briefing regarding whether MMJ remained a necessary party even after the cancellation claim was dismissed.

On June 16, 2000, Plaintiffs filed a "Notice of Voluntary Dismissal of Count III," along with a four-count amended complaint alleging claims of unfair competition and dilution under the Lanham Act (Count I), trademark infringement under the Lanham Act (Count II), common law unfair competition (Count III), and common law trademark infringement (Count IV). On July 5, 2000, the parties filed supplemental briefing as ordered by the Court, and on July 14, 2000, the parties filed their replies to the supplemental briefs. For the reasons stated below, Defendant Festina's motion to dismiss shall be granted in part and denied in part.

## Background

To determine whether MMJ is a necessary party to this litigation, it is important to fully understand exactly which marks are involved, as well as each of the parties' asserted ownership interests in such marks. Plaintiffs assert an ownership interest in five marks associated with various automotive and other products:

1. the word "JAGUAR" in a particular type style,
2. the word "JAGUAR" in a lozenge design,
3. the leaping Jaguar design,
4. the Jaguar head design, and
5. the Jaguar color green.

(2d Am.Compl.¶ 13). Plaintiffs have registered United States trademarks for the word "JAGUAR" in a particular type style, the leaping Jaguar design, and the Jaguar head design. (*Id.* ¶¶ 16–18 & Exs. A–C). Plaintiffs do not have a registered United States trademark for their "JAGUAR" in a lozenge design, or the Jaguar color green; rather, Plaintiff's claim a common law ownership interest in these marks.

MMJ, on the other hand, asserts an ownership interest in only one mark, United States Trademark Registration No. 1,219,068, for the word "JAGUAR" relative to watches. MMJ licenses its mark to a Spanish manufacturer, Manufacturas de Montres Jaguar, S.L. ("MMJ Spain"), which manufactures and markets watches bearing the "JAGUAR" mark throughout the world. MMJ Spain has never been a party to this suit. Defendant Festina, a New York corporation, is MMJ Spain's exclusive distributor of "JAGUAR" watches in the United States, and Defendant Universal Watch and Jewelry Company is a retailer located in Birmingham, Michigan, that sells the allegedly infringing watches.

The case *sub judice* represents only one of two currently pending lawsuits involving the parties' use of the mark "JAGUAR." On May 28, 1999, after learning that Plaintiffs were advertising watches bearing the mark "JAGUAR" in an American magazine, MMJ sent Plaintiffs' affiliate in England a cease-and-desist letter. Plaintiffs, however, did not respond to the letter. Instead, Plaintiffs filed the instant action on July 23, 1999.

Thereafter, on December 13, 1999, MMJ and Defendant Festina, joined by MMJ Spain, filed a trademark infringement action against Plaintiffs in the United States District Court for the Southern District of New York, based upon their May 28, 1999 cease-and-desist letter. Plaintiffs have filed a motion in the Southern District of New York to either dismiss that action, or to transfer it to this Court.

On February 29, 2000, Judge Hackett granted MMJ's motion to dismiss this action against it for lack of personal jurisdiction, and denied the other Defendants' motion for a transfer of venue to the Southern District of New York. On March 20, 2000, Defendant Festina filed a motion to dismiss the case *sub judice* pursuant to Rule 19, contending that MMJ is an indispensable party to this action.

## Discussion

This Court employs a three-step process in resolving questions of joinder under Rule 19. *Keweenaw Bay Indian Community v. Michigan,* 11 F.3d 1341, 1345 (6th Cir.1993). First, the Court must determine whether the party is "necessary" to the action. *Id.* A party is necessary if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

If the absent party is necessary, the Court must then determine whether they can be joined. *Keeweenaw*, 11 F.3d at 1345. This second step requires a determination of whether the Court can exercise personal jurisdiction over the necessary party. *Id.* If feasible, the necessary party must be joined.

If a necessary party cannot be joined, the Court must determine whether, in equity and good conscience, the action may proceed without them. *Id. See also Local 670 v. International Union, United Rubber, Cork, Linoleum & Plastic Workers*, 822 F.2d 613, 618 (6th Cir.1987). In determining whether the action may proceed, the Court must consider:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED.R CIV.P. 19(b). If the Court determines that the action cannot proceed without the absent party, *i.e.*, that the absent party is "indispensable," the Court must dismiss the action. *Id.* In determining whether an action should be dismissed, the Sixth Circuit has cautioned that "[t]he rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Local 670*, 822 F.2d at 618.

### 1. *Is MMJ Necessary?*

Defendant Festina asserts that MMJ is a necessary party to this litigation because it has an interest in being able to fully exploit its mark that, as a practical matter, would be impaired in the event that Plaintiffs are granted the relief they seek. "Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions." *Earl v. Peverett*, 20 U.S.P.Q.2d 1559, 1560 (S.D.N.Y.1991) (citing *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F.Supp. 623, 626–28 (M.D.Tenn. 1988)).

As outlined above, the only mark MMJ asserts ownership to is the mark "JAGUAR" relative to watches. Therefore, to the extent that Plaintiffs are alleging that Defendants infringed their other marks, *i.e.*, the "JAGUAR" in a lozenge design, the leaping Jaguar design, the Jaguar head design, and the Jaguar color green, MMJ has no interest in the subject matter of this litigation. Accordingly, the Court is satisfied that to the extent that Plaintiffs assert claims based upon marks other than the mark "JAGUAR," MMJ is not a necessary party. To the extent that Plaintiffs assert claims based upon their ownership of the mark "JAGUAR," however, the Court is satisfied that MMJ, as owner of a competing registered mark for the mark "JAGUAR" relative to watches, is a necessary party.

Undoubtedly, MMJ has an interest in being able to fully exploit the economic benefits of its registered trademark. As a practical matter, the relief sought by Plaintiffs, *i.e.*, an injunction prohibiting Defendants from using the mark "JAGUAR" in connection with their sale of watches and damages for such use, if granted, would directly affect MMJ's ability to protect that interest. In addition to directly affecting MMJ's ability to exploit its trademark through Defendants, an injunction and/or damages against Defendants could also have a chilling effect upon the willingness of other potential licensors, distributors, and retailers, who may be unwilling to risk exposing themselves to litigation even though MMJ may have a superior right to use the mark. Therefore, the Court is satisfied that, to the extent that Plaintiffs'

claims are based upon its ownership of the mark "JAGUAR," MMJ has an interest in this litigation that, as a practical matter, may be impaired or impeded if this Court were to grant Plaintiffs the relief they seek.

The Court is also satisfied that to the extent Plaintiffs' claims rest upon their ownership of the mark "JAGUAR," complete relief cannot be granted among those already parties. Although it would appear that Plaintiffs could obtain the relief they seek if Defendant Festina, MMJ Spain's exclusive distributor of "JAGUAR" watches in the United States, is prevented from using the mark "JAGUAR," the Court notes that there would be nothing to prevent MMJ from utilizing another distributor. *See May Apparel Group. Inc. v. Ava Import–Export, Inc.*, 902 F.Supp. 93, 96 (M.D.N.C.1995) (recognizing that plaintiff could obtain the relief it sought if defendant was prevented from using the allegedly infringing trademark because defendant was sole manufacturer of goods bearing mark, but that trademark owner could still license mark to other manufacturer in the future). With regard to the mark "JAGUAR," Plaintiffs can obtain complete relief only by invalidating MMJ's trademark. As Plaintiffs conceded at oral argument on June 15, 2000, any action attacking, directly or indirectly, the validity of MMJ's mark necessarily requires MMJ's presence.

Lastly, with respect to Defendants' use of the mark "JAGUAR," any relief in Plaintiffs' favor in this case would expose Defendant Festina to the possibility of multiple or inconsistent obligations. For example, any judgment enjoining Defendant Festina from using the mark "JAGUAR" in connection with its sale of watches would not be binding upon MMJ, or MMJ Spain. Therefore, if Defendant Festina were to abide by this Court's order and stop distributing MMJ's watches bearing the "JAGUAR" mark, Defendant Festina would be exposing itself to the possibility of litigation by MMJ to enforce their distribution agreement, thereby subjecting Defendant Festina to the possibility of inconsistent obligations.

Plaintiffs, however, contend that MMJ is not a necessary party to this action because "MMJ's registration/rights are *not* challenged by [P]laintiffs." (Pls.' 7/14/00 Resp. at 1). According to Plaintiffs, *"this* is not a case 'where the plaintiff alleges that the [non-party] trademark owner's mark infringes the plaintiff's claimed rights.' " (*Id.* at 3). However, to the extent that Plaintiffs' claims are based upon its asserted ownership of the mark "JAGUAR," this Court disagrees. At the heart of the dispute regarding the mark "JAGUAR" is the fact that MMJ owns a registered trademark for the mark "JAGUAR" relative to watches.

As discussed above, although Plaintiffs are not directly challenging MMJ's trademark, any relief regarding Defendants' use of the mark "JAGUAR" in connection with their sale of watches necessarily impacts MMJ's interest in, and its ability to, exploit its registered trademark. Furthermore, the Court is not persuaded that the mere fact that Defendant Festina is precluded from asserting MMJ's rights as a defense to Plaintiffs' claims necessarily requires a determination that MMJ has no interest in this litigation.

In summary, the Court is satisfied that to the extent that Plaintiffs base their claims upon ownership of the mark "JAGUAR," MMJ is a necessary party. As previously discussed, however, this Court has already determined that MMJ is not subject to personal jurisdiction in this forum and therefore, cannot be joined. Accordingly, this Court must determine whether MMJ is indispensable, thereby necessitating a dismissal of this action.

#### 2. *Is MMJ Indispensable?*

Although the Court has determined that MMJ is a necessary party to this action to the extent that Plaintiffs' claims rest upon their ownership of the mark "JAGUAR," the Court does not believe that MMJ's absence requires dismissal of this action in its entirety. As the Sixth Circuit has cautioned, Rule 19 "is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Local 670*, 822 F.2d at 618. "Simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief

can still be accorded." *Keeweenaw*, 11 F.3d at 1346.

As the Court has repeatedly noted, MMJ only has an interest in this litigation to the extent that Plaintiffs' claims are based upon its ownership of the mark "JAGUAR." To the extent that Plaintiffs' claims are based upon its ownership of other marks, *i.e.*, the "JAGUAR" in a lozenge design, the leaping Jaguar design, the Jaguar head design, and the Jaguar color green, MMJ has no interest and is not a necessary party. Therefore, in this Court's opinion, the most pragmatic resolution of this issue would be to dismiss, without prejudice, Plaintiffs' claims only to the extent that they rely upon ownership of the mark "JAGUAR" itself.

Dismissal of Plaintiffs' claims only to the extent that they rely upon ownership of the mark "JAGUAR" would alleviate any concerns that a judgment in Plaintiffs' favor in this case would prejudice MMJ. Furthermore, which party has a superior right to the mark "JAGUAR" relative to watches is currently the subject matter of the action pending in the Southern District of New York. To the Court's knowledge, there is nothing preventing Plaintiff from filing the appropriate cross-claims in the New York action. Moreover, in the event that Plaintiffs are successful in the New York action, they would be free to refile, in this Court, their claim against Defendant Universal Watch, who is not a party to the New York action. Accordingly, Defendant Festina's motion to dismiss shall be granted only to the extent that Plaintiffs' claims are based upon their ownership of the mark "JAGUAR" itself.

### Conclusion

The Court is satisfied that to the extent that Plaintiffs' claims are based upon its ownership of the mark "JAGUAR," MMJ is an indispensable party to this action. Therefore, Defendant Festina's motion to dismiss for failure to join a necessary party shall be granted to the extent that Plaintiffs' claims are based upon its ownership of the mark "JAGUAR," and denied to the extent that Plaintiffs' claims are based upon its ownership of other marks, specifically, the "JAG-UAR" in a lozenge design, the leaping Jag-uar design, the Jaguar head design, and the Jaguar color green.

An Order consistent with this Opinion shall issue forthwith.