**Debra ROGERS, Plaintiff–Appellant,**

v.

**JEFFERSON–PILOT LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 88–1392.**

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1989.

Decided Aug. 29, 1989.

Barry Warren Streeter (H. Wayne Floyd, on brief), West Columbia, for plaintiff-appellant.

Ashley Bryan Abel (Gene V. Pruet, Paul A. Dominick, Nexsen, Pruet, Jacobs & Pollard, on brief), Columbia, S.C., for defendant-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and HADEN, Chief Judge, United States District Court for the Southern District of West Virginia, sitting by designation.

SPROUSE, Circuit Judge:

Debra Rogers appeals from the judgment of the district court dismissing her action against Jefferson–Pilot Life Insurance Company pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. Her complaint, based on both state and federal grounds, demanded hospitalization benefits under an employee group health care policy. We reverse the court's dismissal of Rogers' federal claim.

Rogers alleges in her amended complaint that, when she contacted Jefferson–Pilot in the summer of 1987 to determine if her

health care policy would cover the hospitalization and medical treatment of her minor child, Jefferson–Pilot assured her that the expenses were covered. Relying on that assurance, she caused her child to be hospitalized for surgery. When she submitted a claim, however, Jefferson–Pilot refused to pay the medical bills of $6,703.10. Rogers filed a contract action in South Carolina state court, but Jefferson–Pilot removed it to district court. Jefferson–Pilot then asserted that the action was preempted by the Employee Retirement Income Security Act ("ERISA"). Rogers amended her complaint by adding a fourth count alleging that Jefferson–Pilot's refusal to pay her claim was a violation of ERISA.

The district court dismissed all four counts of the complaint. It held that ERISA preempted the three state law pendent claims and that the ERISA count was erroneously grounded on 29 U.S.C. § 1140. Section 1140 applies only to actions against an employer, not against insurers or other third parties administering insurance benefits. Rogers appeals only the dismissal of her ERISA count. We reverse.

In the ERISA count of her complaint, Rogers stated:

19. This action is brought for relief arising from Defendant's interference with Plaintiff's rights under the Employee Retirement Income Securities Act, 29 USC Section 1001 et. seq., in violation of 29 USC Section 1140.

20. Jurisdiction is conferred upon this Court by the Employee Retirement Income Security Act, 29 USC Section 1001 et. seq.

21. Plaintiff is an employee of Recco Tape and Label, Inc., and was provided with health insurance by her employer which afforded coverage of herself and her minor children by a group policy with Defendant. This policy is an employee benefit plan governed by the Employment Retirement Income Security Act, 29 USC Section 1001, et. seq.

She concluded by stating:

25. Defendant's refusal to pay the aforementioned medical bills was for the purpose of interfering with the attainment of a right to which a participant or beneficiary may become entitled under the plan and was therefore unlawful under 29 USC Section 1140.

 Rogers' complaint, to say the least, was inartfully drafted and her attorney compounded that problem by failing to respond to Jefferson–Pilot's rule 12(b)(6) motion for dismissal. In our view, however, a rule 12(b)(6) motion should be granted only in very limited circumstances. The Supreme Court has explained that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). We have long held "that a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969) (citation omitted).

In *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967), the Fifth Circuit reversed the dismissal of Robertson's claim that she filed under title II of the Civil Rights Act of 1964. Although Robertson had a claim possibly cognizable under 42 U.S.C. § 2000a–1, she stated in her complaint that her claim was based on 42 U.S.C. §§ 2000a to 2000a–6. In remanding the case to district court, the Fifth Circuit explained:

Although the district court points out that [Robertson's] suit was based upon Sections 2000a–2000a–6 of the Act, Section 2000a–1 was not specifically relied upon by [Robertson], nor was it mentioned in the Court's opinion. However, [w]e see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties.

*Id.* at 44 (citations and quotation marks omitted); *see also Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974); *United States v. Howell*, 318 F.2d 162, 166 (9th Cir.1963).

Rogers' complaint, despite its faulty drafting, alleges that her employer had purchased a health care insurance policy for her and other employees from Jefferson–Pilot. She alleged that Jefferson–Pilot assured her that the policy would cover her child's hospitalization and medical care but refused to pay the claim. Although Rogers incorrectly designated 29 U.S.C. § 1140 as the specifically controlling ERISA provision in the concluding paragraph of her claim, she also referred to general ERISA provisions, *i.e.*, 29 U.S.C. 1001 *et seq.*, in three other paragraphs.

While we agree with Jefferson–Pilot and the district court that section 1140 relief is only available to an employee against his employer, section 1132(a)(1)(B) authorizes a suit by an employee against an insurance carrier responsible for administering and paying claims under a covered insurance plan:

A civil action may be brought—

 (1) by a participant or beneficiary—

 ....

 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

Although the complaint does not specifically identify section 1132(a)(1) as the authority for Rogers' complaint, read in its entirety and viewed in a light most favorable to Rogers, the ERISA count states a valid claim for relief.

That part of the judgment of the district court dismissing the first three counts of Rogers' complaint is affirmed. The part of the judgment denying count four is reversed and the case is remanded for a trial on the merits of Rogers' ERISA allegations.

AFFIRMED IN PART; REVERSED IN PART.