948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Idris M. SAIFULLAH, Plaintiff-Appellant,
v.
Aaron JOHNSON; Joe Hamilton; Talmadge Barnett; Michael
Lamm, Defendants-Appellees.
 No. 91-7113.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 16, 1991.
Decided Nov. 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-171-CRT-H)
 Idris M. Saifullah, appellant pro se.
 REVERSED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Unpublished opinions are not binding precedent in this circuit. See I.O.P. 36.5 and 36.6.
 OPINION
 PER CURIAM:
 
 
 1
 Idris M. Saifullah appeals the district court's sua sponte dismissal of his civil rights action under 42 U.S.C. § 1983. Saifullah's complaint requested damages, declaratory judgment, and injunctive relief for exposure to asbestos in North Carolina's Eastern Correctional Institute, where he is presently an inmate. Pursuant to an internal grievance process, the results of which were attached to Saifullah's complaint, prison officials determined that Saifullah's claim had no merit because there is no asbestos in any of the institution's buildings. The district court dismissed Saifullah's complaint on its own motion under Fed.R.Civ.P. 12(b)(6), in reliance on the institution's findings, after finding that the complaint was not frivolous under 28 U.S.C. § 1915(d). We reverse and remand for further consideration.
 
 
 2
 A court may, on its own initiative, dismiss a civil complaint for failing to state a claim. 5A C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 301 (2d ed. 1990). In such situations, notice and an opportunity to be heard are normally required, however. E.g., Ricketts v. Midwest National Bank, 874 F.2d 1177, 1184-85 (7th Cir.1989). Although this Court has not directly addressed the notice issue in the context of a sua sponte dismissal under Rule 12(b)(6), we have held that notice and an opportunity to be heard are required, irrespective of the merits, prior to sua sponte summary judgment under Rule 56. United States Development Co. v. Peoples Federal Saving & Loan Assoc., 873 F.2d 731 (4th Cir.1989). Furthermore, in Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975), we held that pro se litigants must be advised of their right to file counteraffidavits or other material in response to motions for dismissal or summary judgment. Roseboro should apply equally to sua sponte dismissals, as pro se litigants are no less in need of notice and hearing protections than other litigants. The district court failed to provide Saifullah with the requisite notice and opportunity to be heard.
 
 
 3
 The district court also inappropriately adopted the institution's findings in reaching its decision to dismiss and essentially rendered a judgment on the merits. The purpose of Rule 12(b)(6) is to assess the legal sufficiency of a complaint, rather than to weigh the evidence or reach a decision on the merits. 5A C. Wright & A. Miller, Federal Practice & Procedure § 1356 at 294. A pleading should be dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Rogers v. Jefferson-Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir.1989). When making the dismissal determination, the pleading must be construed in the light most favorable to the non-moving party and its factual allegations accepted as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). This case may well prove to be ripe for summary judgment after further development of the facts, but on this record the district court's sua sponte dismissal was premature.
 
 
 4
 Because notice requirements were not met and because the district court impermissibly rendered a decision on the merits rather than focusing on the feasibility of Saifullah's complaint while accepting the factual allegations contained therein as true, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 REVERSED AND REMANDED.