**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TONEY TUCKER, Individual,
<u>Plaintiff-Appellant,</u>

and

PAUL HOBBS,
<u>Plaintiff,</u>

v.

No. 97-1364

CHRYSLER CREDIT CORPORATION;
PAUL BINKO; CHRYSLER
CORPORATION; GREGORY RYMAN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-95-3961-DKC)

Argued: April 8, 1998

Decided: May 29, 1998

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and G. ROSS ANDERSON, JR., United States District Judge for
the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Jack Wheeler, Jr., WILLIAM WHEELER &
ASSOCIATES, Philadelphia, Pennsylvania, for Appellant. Mark

Christopher Kopec, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellees. **ON BRIEF:** Richard J. Magid, Carmina Perez-Fowler, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Toney Tucker appeals from the district court's order granting the motion to dismiss of Chrysler Credit Corporation ("Chrysler Credit"), Chrysler Corporation ("Chrysler") and Paul Binko (collectively "defendants"). As basis for this appeal, Tucker challenges the district court's refusal to grant two untimely motions for enlargement of time to enable him to file opposition papers to defendants' motion to dismiss, and dismissal of his claim under the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221 et seq. ("ADDCA" or "Act"). We affirm.

I.

Plaintiff Toney Tucker is the owner, President, Chief Executive Officer and sole shareholder of Toney Tucker Enterprises, Inc. ("Tucker Enterprises"), t/a Lexington Park Chrysler, Plymouth, Jeep Eagle ("Lexington Park"). This case arises from a financing agreement entered into between Chrysler Credit and Lexington Park (e.g., Tucker Enterprises), which provided that Chrysler Credit would give "floor plan" financing to Lexington Park for its new and used automobile inventory. The dealership ultimately incurred an indebtedness of approximately $400,000.00 to Chrysler Credit.

According to Tucker, Chrysler Credit agreed to extend post-petition credit to the dealership if it voluntarily filed a bankruptcy

2

petition. On December 29, 1994, Tucker Enterprises filed a voluntary Chapter 11 Bankruptcy Petition, and Chrysler Credit submitted a post-petition credit petition with the bankruptcy court. That petition was withdrawn before a ruling was rendered by the court. Thereafter, the United States Trustee's motion to convert the case to a Chapter 7 liquidation was granted. Also during this period, a trustee was appointed to represent the estate and Tucker Enterprises ceased functioning as a dealership.

Tucker then brought two actions in the Circuit Court for Prince George's County, Maryland. Both actions were removed to the United States District Court for the District of Maryland, referred to the bankruptcy court, and after stipulations between the trustees and approval of the bankruptcy judge, dismissed with prejudice. Tucker thereafter filed a third action in the United States District Court in his individual capacity and on behalf of Tucker Enterprises. The claims asserted by Tucker Enterprises were dismissed in the bankruptcy court, and Tucker's individual claims were dismissed by the district court.

In May 1995, the trustee representing Tucker Enterprises executed an agreement with Chrysler for the waiver, compromise, discharge and release of all potential claims against Chrysler, Chrysler Credit, and all their respective employees and affiliates. This agreement was ratified by the bankruptcy judge by order dated June 16, 1995.

Tucker then filed the instant federal question action, which alleges, inter alia, racial discrimination in violation of 42 U.S.C. § 1981, violation of the Automobile Dealers' Day in Court Act, 15 U.S.C § 1221 et seq., civil conspiracy, intentional misrepresentation and tortious interference with contractual relations. Defendants moved to dismiss all causes of action on January 25, 1996.

Under the local rules, Tucker had until February 12, 1996 to respond to defendants' motion. Five days after the expiration of the response period, Tucker requested defense counsel grant him an extension to file a response to the motion to dismiss. Defense counsel refused, and Tucker thereafter filed a motion for enlargement of time on March 18, 1996, alleging that travel commitments, pressing public duties and inclement weather rendered him unable to file a timely

response. In addition, Tucker's counsel informed the district court that he advised Tucker to seek alternate counsel. The district court granted the motion, extending the time period to respond until March 29, 1996. Once again, Tucker failed to respond to the motion to dismiss.

Tucker's new counsel filed a second and third motion for enlargement of time on May 21, 1996 and October 28, 1996, respectively.**1** Among other rulings in its February 14, 1997 memorandum and opinion, the district court denied the second and third motions for enlargement of time, and dismissed Tucker's claim under the ADDCA pursuant to Fed. R. Civ. P. 12(b)(6). Tucker appeals.

II.

We review a district court's ruling on a motion for enlargement of time under Fed. R. Civ. P. 6(b)(2) for abuse of discretion. See United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991). We review the district court's decision to grant a motion to dismiss under Rule 12(b)(6) de novo. See Brooks v. City of Winston Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996). We are required to accept as true the factual allegations in the plaintiff's complaint and are required to construe those facts in the light most favorable to the plaintiff. See Estate Constr. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 217-18 (4th Cir. 1994). We may affirm the district court's dismissal for failure to state a claim where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts he could prove in support of his claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

III.

Tucker argues that the district court abused its discretion in denying the second and third motions for enlargement of time to respond to the motion to dismiss. Tucker contends that excusable neglect existed for his failure to timely respond because additional time was needed to secure alternate counsel. Tucker further complains that the

_____

**1** The third motion included, in the alternative, a request to transfer. The motion to transfer, however, is not part of this appeal.

district court's delay in ruling on the second and third motions amounts to excusable neglect. We find no error.

Federal Rule of Civil Procedure 6(b)(2) governs motions for enlargement of time sought after expiration of the specified time period. The rule provides a district court with discretion to order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion is the result of "excusable neglect." See Fed. R. Civ. P. 6(b)(2).

The Supreme Court defined the meaning of excusable neglect in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993), a case dealing with late filings in bankruptcy proceedings. In defining neglect, the Supreme Court reasoned that courts could accept late filings due to inadvertence, mistake or carelessness, and intervening circumstances beyond a parties control. See Pioneer Inv. Servs. Co., 507 U.S. at 388. To ascertain whether a delay in filing is excusable, courts must consider "all relevant circumstances surrounding the party's omission." Id. at 395. Factors relevant to this inquiry include:

> the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id.

Tucker has failed to establish the requisite showing of excusable neglect. We are not persuaded by his argument that excusable neglect existed because of his need to obtain alternate counsel. Tucker's original attorney did not file a motion to withdraw as counsel, and Tucker was therefore represented in this matter at all times during the pendency of defendants' motion to dismiss. In any event, there is no basis for finding excusable neglect in light of alternate counsel's failure to file the second motion for enlargement of time until three weeks after being admitted pro hac vice. We also wholly reject Tucker's argument that the district court's failure to rule on the second and third motions for enlargement of time excuse his neglect. The district court

5

did not abuse its discretion in denying the motions. Accordingly, we affirm the district court on this ground.

IV.

Tucker next contends that the district court erred in finding he lacked standing, in his individual capacity, to bring suit under the ADDCA. In support, Tucker maintains that the franchise agreement relied on an active, continuing and substantial relationship between the dealership and Tucker in his individual capacity. That is, Tucker believes that the franchise agreement called for his active personal participation, and thus entitles him to sue under the ADDCA. We disagree.

Tucker did not raise this argument in the district court because of his failure to respond to the motion to dismiss. Ordinarily, we will not consider arguments raised for the first time on appeal. See National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). In very limited circumstances, however, we have recognized that consideration of such issues is appropriate where an error is plain and refusal to consider the issue would result in a miscarriage of justice. See Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir. 1985).

Tucker is unable to establish plain error or a miscarriage of justice, as he lacks standing, in any event, to sue under the ADDCA in his individual capacity. The statute plainly applies only to an "automobile dealer," which is defined as "any person, partnership, corporation, association, or other form of business enterprise . . . operating under the terms of a franchise and engaged in the sale or distribution of passenger cars, trucks, or station wagons." See 15 U.S.C. § 1221(c) (emphasis added).

Tucker contends he is a party to the franchise agreement, and is thus entitled to protection under the ADDCA, because the franchise agreement calls for his active, substantial and continuing participation. In support of this contention, Tucker principally relies on York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp., 447 F.2d 786 (5th Cir. 1971), which found that individual dealership owners essential to

6

the operation of a dealership under a franchise agreement could sue under the ADDCA.**2**

We find Tucker's reliance on <u>York</u> misplaced, and instead find the reasoning of <u>Vincel v. White Motor Corp.</u>, 521 F.2d 1113 (2nd Cir. 1975), more persuasive. In <u>Vincel</u>, the court found that where a dealership acts in its corporate capacity, the ADDCA's established principle is that the corporation enjoys the right of action. <u>Id</u>. at 1120. The court reasoned that because the dealership's claims were released in bankruptcy, and approved by the bankruptcy court, no justification existed for allowing the shareholders to maintain suit in their individual capacity. <u>Id</u>.

We find no justification for permitting Tucker to maintain suit in his individual capacity. The circumstances present in <u>York Chrysler-Plymouth, Inc.</u>, which compelled the court to permit individual shareholders to maintain suit, are notably absent here. The franchise agreement in this case does not make Tucker essential to the operation of the dealership. The claims in the present action, which belong to the corporation, were dismissed in bankruptcy. Accordingly, we find that Tucker is not entitled to maintain suit in his individual capacity.

V.

For the reasons stated above, the judgment of the district court is

<u>AFFIRMED</u>.

_____

**2** The parties were considered essential in <u>York</u> based on 1) a recitation in the franchise agreement that Chrysler relied on the parties active, substantial and continuing personal participation; 2) a requirement the parties maintain beneficial ownership and control of the stock of the dealership; 3) a clause permitting termination if the parties died, failed to actively continue to participate in the management of the dealership, or were convicted of certain crimes; and 4) a clause permitting termination by Chrysler if it believed a disagreement between the parties might adversely affect the business. <u>York Chrysler-Plymouth, Inc.</u>, 447 F.2d at 790-91.

7