**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JACK A. GORDON; BERNARD GORDON,
individually and jointly trading as
Yorkshire Realty,
<u>Plaintiffs-Appellants,</u>

v.

LARRY K. NICK,
<u>Defendant-Appellee,</u>

and

ESTATE OF WILLIAM J. WEISSEL;
CAMEO MANAGEMENT OF MARYLAND,
INCORPORATED, t/a Cameo
Management, Incorporated;
WEINBERG & GREEN, L.L.C.,
Successor in Interest to Weinberg
and Green; DEBORAH HUNT DEVAN,
Esq.; MARY ANN KANIS, Esq.; JOYCE
A. KUHNS, Esq.; LAWRENCE J. STERN,
<u>Defendants.</u>

No. 96-1858

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-770-AW)

Submitted: March 6, 1998

Decided: September 2, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Melvyn J. Weinstock, Bruce L. Richardson, WEINSTOCK,
STEVAN, HARRIS & FRIEDMAN, P.A., Baltimore, Maryland, for
Appellants. Robert T. Shaffer, III, John J. Connolly, MURPHY &
SHAFFER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jack A. Gordon and Bernard Gordon appeal from the district
court's order dismissing their claims for negligent misrepresentation,
constructive fraud, and a claim entitled "Liability of General Partner
for Partnership Debts," on the ground that they had failed to obtain
permission to sue from the bankruptcy court. We affirm on the same
grounds.

The Gordons developed and operated three apartment complexes in
York, Pennsylvania. In 1984, they sold the properties to York Village
Associates, a New York limited partnership, for approximately $6
million. The Gordons agreed to finance the sale to York Village in
exchange for a mortgage on the properties.

In 1991, York Village defaulted on the mortgage note, still owing
virtually the entire original principal amount. The Gordons sued to
retake possession of the premises, but, on April 10, 1992, York Vil-
lage filed for bankruptcy reorganization under Chapter 11, effecting
an automatic stay of the ejectment proceedings. See 11 U.S.C. § 362
(1994). York Village, under the direction of Larry K. Nick, its general

2

partner, retained possession of the premises at the outset of the bankruptcy proceedings. Cameo Management of Maryland, Inc., headed by William J. Weissel, oversaw the daily operation of the apartment complexes for York Village, as it had been doing since the properties were purchased from the Gordons. York Village retained Weinberg & Green to represent it in the bankruptcy proceeding.

As the debtor-in-possession, York Village was required to file operating reports and financial statements in the bankruptcy court. Based on those filings, it appeared that, as of April 1994: (1) the accounts payable were current, (2) there was $75,000 in tenant security deposits being held in escrow, (3) there was cash on hand in excess of $80,000, and (4) attorney fees payable to Weinberg & Green were estimated at $125,000. On April 15, 1994, the Gordons' proposed reorganization plan--calling for the properties to be auctioned and the Gordons to pay all of the general unsecured claims and administrative expenses of the bankruptcy estate--was confirmed by the bankruptcy court.

Soon thereafter, however, the Gordons learned that, contrary to the information contained in the bankruptcy court filings: (1) there were approximately $160,000 in post-petition accounts payable due and owing, (2) the escrow funds were entirely depleted, (3) York Village's operating account had a negative balance of $2000, and (4) Weinberg & Green submitted a final bill for legal fees of $458,871. The Gordons were the successful bidders at the June 15, 1994, auction, repurchasing the properties for $9 million.

In August 1995, while the bankruptcy proceedings were still ongoing, the Gordons filed suit in Maryland state court against Nick, Stern, Cameo, Weissel's estate, Weinberg & Green, and the individual attorneys assigned to the case. The defendants timely removed the action to the district court which, by two separate orders, granted all of their motions to dismiss. This appeal concerns the dismissal only as to defendant Nick.*

_____

*The remaining defendants were the Appellees in another appeal before this Court, Gordon v. Weinberg & Green , No. 96-1122, which was dismissed on motion of the parties on Nov. 27, 1996.

3

We review the district court's decision to grant the motion to dismiss de novo. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). We must accept the factual allegations in the Plaintiffs' complaint and must construe those facts in the light most favorable to the Plaintiffs. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). We may affirm the district court's dismissal only if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

In Barton v. Barbour, 104 U.S. 126 (1881), the Supreme Court held that a trustee cannot be sued without leave of the bankruptcy court. This holding, generally referred to as the "Barton doctrine," prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court. The Barton doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney of the trustee. See Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240-41 (6th Cir. 1993) ("It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court. . . . counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee."); see also Mangun v. Bartlett (In re Balboa Improvements, Ltd.) , 99 B.R. 966, 970 (B.A.P. 9th Cir. 1989) (holding that permission to sue debtor's attorney for alleged misconduct in the administration of an estate must be obtained from the bankruptcy court). We agree with the district court's conclusion that the doctrine is applicable to suits against the debtor's managing partner.

The Appellants contend that permission to sue is unnecessary in this instance under the exception to the Barton doctrine provided by 28 U.S.C. § 959(a) (1994). Section 959(a) allows suits against trustees "with respect to any of their acts or transactions in carrying on business connected with such property" without prior approval. However, we agree with the district court's conclusion that Nick's conduct did not arise out of acts or transactions in carrying on the business of

4

Yorkshire Village and, therefore, § 959 does not apply. See Mangun v. Bartlett, 99 B.R. at 969 ("[Section 959] was not intended to apply to a breach of a fiduciary duty in the administration of a bankruptcy estate.").

Accordingly, we affirm. We dispense with oral argument on motion of the parties and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5