**Carolyn M. HOLT, Plaintiff,**

v.

**Edward P. CAMUS, Defendant.**

**No. CIV. PMJ 99–532.**

United States District Court, D. Maryland.

Sept. 30, 1999.

Carolyn M. Holt, Tampa, FL, Pro se.

Bruce L. Marcus, Marcus and Bonsib, Greenbelt, MD, for Edward P. Camus, defendants.

## OPINION

MESSITTE, District Judge.

### I.

Pro se Plaintiff Carolyn M. Holt sues Defendant Edward P. Camus for Defamation (Count I), False Light (Count II), and Intentional Infliction of Emotional Distress (Count III). The action arises in connection with testimony Camus gave during a deposition and statements that he allegedly republished to Judge Darlene Perry of the Circuit Court for Prince George's County. Holt claims Camus made false statements regarding her sexual promiscuity and did so with the intent to jeopardize her career and reputation.

Camus has moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. He argues that any statements he might have made in the course of deposition testimony are absolutely immune from tort liability and that Holt, moreover, consented to the purportedly defamatory statements by her persistent questions. Alternatively, Camus seeks to have the case transferred to the Circuit Court for Prince George's County. Finally, he seeks sanctions, attorney's fees and costs pursuant to Federal Rule of Civil Procedure 11.

Having considered the pleadings, the Court will GRANT Camus's Motion to Dismiss in part and DENY it in part; DENY his Motion to Transfer; and DENY his Motion for Sanctions.

### II.

From April 1993 to March 1998, Holt worked as an attorney at the law firm of Camus & Maloney ("Law Firm"), where Camus was a senior partner. In March 1998, she departed the Law Firm and sued it for breach of contract in Prince George's County Circuit Court, alleging that it had failed to pay her commissions for 1997 as required by her employment contract. See Carolyn M. Holt v. Camus & Maloney Partnership, No. CAL 98-06232. Camus, in turn, sued Holt in two separate cases in Prince George's County Circuit Court, alleging that (1) she embezzled funds from the Law Firm and (2) she breached her employment contract by providing free legal services to her family members while she was employed by the Law Firm. See Camus v. Holt, Case No. 98-22775; Camus v. Holt, Case No. 98-23404. All three cases, as yet unconsolidated, apparently are still pending in Prince George's County Circuit Court.

On November 11, 1998, during discovery in her state-based breach of contract case, Holt took Camus's deposition. During the deposition, Holt, acting pro se, asked Camus if he had "any files regarding the plaintiff at all." When Camus responded that he had a number of documents about her, she pressed him to disclose the nature of those documents. Camus balked, saying "I hesitate on this public document to respond to that," but Holt urged him to "go ahead." Camus then stated that he had three documents pertaining to Holt's moral activities which had "an effect on me as to whether or not you would make a good lawyer and whether or not you were morally fit to be a member of our firm." After a few more exchanges, including Camus's statement that the information at issue did not bear on the litigation at bar, Holt stated, "Why don't I go ahead and waive that and say, don't concern yourself with me and go ahead and disclose it." Camus thereupon described the documents, stating:

It [sic] contains information about trips you went on and I think some skiing—a couple of skiing trips and trips down to the beach in which you bragged about when you returned, everybody in the bus or most getting naked, mooning people outside the window and the group sex that was going on in the bus and at whatever ski place it was during the

course of the particular vacation or trip where everybody was sexually involved, including yourself, with several other persons. The same allegations you were supposed to have commented on happening when you flew out west someplace—and I don't recall—where there was group sex and sex with several other people and most of the crowd engaged in the same conduct; generally the same activities went at the beach, which I assume would be during a summer, occurring when people were on the floor and you and others had to step over fornicating couples and that everybody was involved with group sex and multiple sex with multiple partners.

Deposition of Edward P. Camus, Esq., Nov. 11, 1998, 79:14—80:16.

Holt alleges the statements were false and that Camus, in addition to making them on deposition, republished them to Judge Perry. Holt's complaint, however, fails to indicate what precisely was republished or where and when the alleged republishing occurred. Based on these statements, Holt filed the present action in United States District Court.

### III.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted when, taking the allegations of the complaint as true, recovery is not available. *See Conley v. Gibson,* 355 U.S. 41, 45–45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Waterford Citizens' Ass'n v. Reilly,* 970 F.2d 1287, 1290 (4th Cir.1992). The court construes the complaint as a whole. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Finlator v. Powers,* 902 F.2d 1158, 1160 (1990).

### IV.

■ Holt's first claim is for defamation. To recover for defamation under Maryland law, a plaintiff must establish four elements: (1) that the defendant made a defamatory statement regarding

the plaintiff to a third person; (2) that the statement was false; (3) that the defendant was legally at fault in making the statement; and (4) that the plaintiff suffered harm thereby. *See id.* (citing *Rosenberg v. Helinski,* 328 Md. 664, 675, 616 A.2d 866 (1992)); *Gooch v. Maryland Mech. Sys., Inc.,* 81 Md.App. 376, 389, 567 A.2d 954 (1990). The Maryland Court of Appeals has defined a defamatory statement as one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person. *Batson v. Shiflett,* 325 Md. 684, 722–23, 602 A.2d 1191 (1992). Recovery is limited to actual damages unless the plaintiff can show that the defendant made the defamatory statements with malice. *See Gooch,* 81 Md.App. at 389, 567 A.2d 954.

■ Public policy, however, exempts certain written or oral communications that would otherwise be defamatory. *McDermott v. Hughley,* 317 Md. 12, 22, 561 A.2d 1038, 1043 (1989). Thus Maryland recognizes an absolute privilege with respect to judges, attorneys, parties and witnesses who publish defamatory material during the course of a judicial proceeding. *See id.* at 22, 561 A.2d 1038; *Rosenberg v. Helinski,* 328 Md. 664, 676, 616 A.2d 866, 871 (1992) (citations omitted). Statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to the case partake of this privilege; they cannot serve as the basis for an action for defamation. *Gill v. Ripley,* 352 Md. 754, 761—62, 724 A.2d 88, 92 (1999) (citations omitted); *Miner v.. Novotny,* 304 Md. 164, 167, 498 A.2d 269 (1985). This so-called judicial immunity is extremely far-reaching. A witness is protected from liability even if his motive was malicious, if he knew the statement was false, and if his conduct was otherwise unreasonable. *See id.* The privilege, moreover, remains absolute regardless of whether the defamatory statements are relevant to the subject matter of

the proceedings. *See id.* at 677, 498 A.2d 269 (citing *Odyniec v. Schneider,* 322 Md. 520, 526, 588 A.2d 786 (1991)).

■ Against this background, it is clear that Camus's statements made during his deposition—whether or not defamatory—are absolutely privileged against any cause of action for defamation. It is irrelevant whether the statements were made with malice, whether they were relevant to the breach of contract litigation, or whether Holt was harmed by them. Because participants must be able to speak freely during judicial proceedings, the individual's right to redress is necessarily curtailed. *See Odyniec,* 322 Md. 520 at 528, 588 A.2d 786.[1]

■ Holt's allegation that Camus repeated these defamatory remarks to Judge Perry, however, stands on different footing and—at least as of this time—is not dismissible. While the complaint provides little more than a bare allegation that the statements were made, courts "traditionally have viewed even poorly drafted complaints in a light most favorable to the plaintiff" and have granted Rule 12(b)(6) motions only in very limited circumstances. *See Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). The Fourth Circuit has held that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [her] claim." *See Mylan Lab. v. Matkari,* 7 F.3d 1130, 1134 n. 4 (4th Cir.1993) (internal citations omitted). Holt may or may not be able to plead the specifics of Camus's purported remarks to Judge Perry. She will, however, be given 15 days leave to re-plead as to that event.

The Court will therefore GRANT Defendant's Motion to Dismiss Count I as to Camus's deposition testimony and DENY it without prejudice as to the remarks purportedly made to Judge Perry.

## V.

■ To recover for false light a form of invasion of privacy, Holt's second cause of action, a plaintiff must establish: (1) that she was exposed to publicity in a false light before the public; (2) that a reasonable person would find the publicity highly offense; and (3) that the actor had knowledge of or acted in reckless disregard of the publicized matter placing plaintiff in a false light. *Hollander v. Lubow,* 277 Md. 47, 55, 351 A.2d 421 (1976).

■ Under Maryland law, regardless of whether a declaration is styled as defamation or invasion of privacy, the same considerations and legal standards apply. *Crowley v. Fox Broadcasting Co.,* 851 F.Supp. 700, 704 (D.Md.1994). Thus the Fourth Circuit, interpreting Maryland law, has refused to allow a claim for false light/invasion of privacy to go forward where the claim fails to meet the standards for defamation. *See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.,* 903 F.2d 1000, 1004 n. 1 (4th Cir. 1990). In consequence, the absolute privilege which bars a witness's statement from becoming the basis of a defamation action also bars those statements from forming the basis of a false light invasion of privacy claim. *See, e.g., Simon v. Union Hosp.,* 15 F.Supp.2d 787, 797 (D.Md.1998). Since Holt's claim for defamation as to the deposition testimony fails, so does her claim for false light.

---

1. Because Plaintiff's defamation claim regarding Camus's deposition testimony is absolutely privileged, the Court would not ordinarily need to reach the question of whether Plaintiff consented to the defamation by eliciting Defendant's answer with her own questions. But, so there may be no doubt, the Court finds as a matter of law that Holt consented to the statements by urging Camus to respond. Since consent is an absolute defense to defamation, this is another reason to dismiss the defamation count as to the deposition statements. *See Bagwell v. Peninsula Regional Med. Ctr.,* 106 Md.App. 470, 508, 665 A.2d 297 (1995); *McDermott v. Hughley,* 317 Md. 12, 26, 561 A.2d 1038 (1989).

Her claim for false light based on the allegation that Camus made defamatory remarks about her to Judge Perry also fails. Under the first prong of a false light claim, a plaintiff must show that the offending statements have been communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. *See Cambridge Title Co. v. Transamerica Title Insur. Co.*, 817 F.Supp. 1263, 1278 (D.Md.1992); RESTATEMENT (SECOND) OF TORTS § 652D, cmt. a (1977). Since Holt does not allege in her complaint that Camus's defamatory statements to Judge Perry were communicated to anyone else, let alone to the public at large, the first element is not satisfied.

Camus is entitled to DISMISSAL of Count II in its entirety.

## VI.

 Holt's final claim is for intentional infliction of emotional distress. There are four essential elements for this tort: (1) that the conduct was intentional or reckless; (2) that the conduct was extreme and outrageous; (3) that there was a causal connection between the wrongful conduct and the emotional distress; and (4) that the emotional distress was severe. *Harris v. Jones*, 281 Md. 560, 564, 380 A.2d 611 (1977); *Crowley*, 851 F.Supp. at 704. The tort is applied sparingly and only for opprobrious behavior. *Kentucky Fried Chicken Nat'l Management Co. v. Weathersby*, 326 Md. 663, 607 A.2d 8 (1992). For language alone to be actionable, the statement must be something the average member of the community would regard as being a complete denial of the plaintiff's dignity as a person. *Dick v. Mercantile–Safe Deposit & Trust Co.*, 63 Md.App. 270, 492 A.2d 674 (1985).

 Holt's allegations based on Camus's statements during his deposition testimony have already been held barred by the doctrine of judicial immunity. That same doctrine bars the tort of intentional infliction of emotional distress. *See Thom-*

*as v. City of Annapolis*, 113 Md.App. 440, 454, 688 A.2d 448 (1997) (observing that "it is clear that judicial immunity operates to bar civil suits regardless of the nature of the tort alleged to have been committed.") In any event, the Court finds as a matter of law that Holt's claim as to Camus's purported remarks either on deposition or as repeated to Judge Perry do not rise to the level of opprobrious behavior required for the tort.

The Court will GRANT Camus's Motion to Dismiss Count III in its entirety.

### F. Motion to Transfer

 Camus asks the Court to transfer this litigation to Prince George's County Circuit Court, despite the fact that it was not removed from that court. Except for a previously removed case, there is no law that authorizes a federal court to transfer a case to state court. While Camus cites Fed.R.Civ.P. 42 in support of his motion, Holt rightly observes that Rule 42 has no application to the circumstances of this case.

Given the pendency of three other intimately related state court cases between the parties, however, this action might well be an apt candidate for the exercise of abstention, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Camus, on the other hand, has neither pleaded application of the abstention doctrine nor provided adequate information to justify a stay of this litigation. Even so, the point may ultimately be moot. It remains to be seen whether Judge Perry will admit to having heard Camus's alleged statements about Holt. If she does, an abstention motion may be in order. If she denies hearing such statements, the case may end in Summary Judgment in favor of Camus on the issue. Accordingly, the Court will direct Camus to file a Motion for Summary Judgment on Count I as to his alleged state-

ments to Judge Perry. He shall do so within 20 days of the Order accompanying this Opinion.

The Court will DENY Defendant's Motion, in the Alternative, to Transfer this case to the Circuit Court.

### G. Motions for Sanctions

When a pleading is presented for an improper purpose, such as to harass or to cause unnecessary delay, sanctions may be proper under Federal Rule of Civil Procedure 11. Rule 11 has built-in safeguards to protect against its abuse. There are two basic requirements for a motion for sanctions: (1) that it be made separately from other motions or requests and describe the specific conduct alleged to violate the rule and (2) that it be served on the nonmoving party at least 21 days before the filing to facilitate amendment or withdrawal of the pleading. Fed.R.Civ.P. 11. Only after the 21–day safe harbor elapses may a party properly file a motion for sanctions. *Id.*

The Court finds that sanctions against Holt are unwarranted. Despite his allegation that Holt's claims are frivolous and vexatious, Camus took no steps to comply with even the most basic requirements of Rule 11. He combined it with other motions rather than filing it separately; provided no indication that he had attempted to resolve pleading differences with Holt; and failed to provide Holt with notice and the accompanying opportunity for safe harbor before filing the sanctions motion with the Court.

The Court will DENY Defendant's Motion for Sanctions.

### VII.

Summing up, the Court will (1) GRANT Defendant's Motion to Dismiss as to Count II (False Light) and Count III (Intentional Infliction of Emotional Distress), and that portion of Count I (Defamation) dealing with Defendant's purported statements on deposition; (2) DENY the Motion to Dismiss as to that portion of Count I (Defa-

mation) dealing with Defendant's purported statements to Judge Perry; (3) DENY Defendant's Motion, In Alternative, to Transfer; and (4) DENY Defendant's Motion for Award of Sanctions, Attorney's Fees and Costs.

A separate Order will be entered implementing this decision.

### ORDER

Upon consideration of the Defendant's Motion to Dismiss And/Or Transfer and For Sanctions, Plaintiff's Opposition to Defendant's Motion to Dismiss And/Or Transfer and For Sanctions, and Defendant's Reply thereto, for the reasons set forth in the accompanying Opinion, this 30th day of September, 1999, it is hereby

ORDERED:

(1) Defendant's Motion to Dismiss Count I as to Plaintiff's claims based on Defendant's deposition testimony is GRANTED with prejudice;

(2) Defendant's Motion to Dismiss Count I as to Plaintiff's claims based on Defendant's alleged statements to Judge Darlene Perry is DENIED without prejudice;

(3) Defendant's Motion to Dismiss Count II is GRANTED with prejudice;

(4) Defendant's Motion to Dismiss Count III is GRANTED with prejudice;

(5) Defendant's Motion, in the Alternative, to Transfer is DENIED;

(6) Plaintiff is DIRECTED to file within 15 days an Amended Complaint, re-pleading more specifically her claim of defamation as to statement Defendant allegedly made to Judge Perry including what was said, and the time, place and circumstances of the statements;

(7) Defendant is DIRECTED to file within 20 days a Motion for Summary Judgment as to Count I, regarding Defendant's alleged statements to Judge Perry,

including an appropriate affidavit from Judge Perry;

(8) Defendant's Motion for Sanctions is DENIED.