**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH STILWELL,
Plaintiff-Appellant,

v.                                                                    No. 99-7090

CONCECO, Medical Contractor,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-1094-AM)

Submitted: February 29, 2000

Decided:  May 2, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Joseph Stilwell, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Stilwell appeals the district court order summarily dismissing his civil rights complaint under 28 U.S.C.A.§ 1915A(b)(1) (West Supp. 1999), for failing to state a claim upon which relief can be granted. Stilwell, an inmate at the Mecklenburg Correctional Center, brought a complaint concerning the medical treatment he had received for a hernia.[1] Because we find that Stilwell alleged sufficient facts to state a claim that the two doctors were deliberately indifferent to his medical needs, we vacate that part of the order dismissing Stilwell's complaint against those two physicians and we remand for further proceedings. We affirm that part of the order dismissing Stilwell's complaint against Conceco.

This court reviews de novo a dismissal for failing to state a claim. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). The allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc., 7 F.3d at 1134. A dismissal for failing to state a claim is appropriate only in "limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (considering a dismissal under Rule 12(b)(6)). Furthermore, courts are instructed to construe pro se complaints liberally. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

At this stage of the proceedings, we take as true the allegations in the complaint. Stilwell alleged that he was seen and released from the

_____

[1] Conceco, the company providing medical services at the institution, was the only defendant listed on the district court docket. Stilwell named Drs. Wray and Stern in that part of the complaint where he named the Defendants and made allegations against both doctors. We find that Wray and Stern should have been considered Defendants. See Haines v. Kerner, 404 U.S. 519, 520 (1972). On remand, the caption should be modified to reflect that Wray and Stern are Defendants.

2

emergency room of a local hospital for complaints relating to a hernia. According to Stilwell, the emergency room physician recommended "elective surgery." Back at the prison, Stilwell was seen by Dr. Wray. Stilwell claimed that he complained to Wray of swelling in the groin area and severe pain. Despite these complaints, Wray stated that "there should be no problem or pain and that [Stilwell's] situation was not an emergency." Stilwell alleged that his condition worsened. Specifically, he alleged that the swelling increased, blood began to appear in his stools, and the severe pain persisted. After some time, Stilwell was seen by Dr. Stern, who did not consider Stilwell's complaints to be life threatening and prescribed Tylenol for pain and inflamation. Stilwell also alleged that Stern indicated that he would schedule Stilwell for surgery but never did. Stilwell claimed that he received "inadequate medical treatment (Malpractice)."

Courts are obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988). Although Stilwell did not mention the Eighth Amendment or deliberate indifference in his complaint, we find that he alleged sufficient facts that, if proven, may support an Eighth Amendment violation. See id. 849 F.2d at 868 (failing to make specific reference to Fourth Amendment was not fatal to arrestee's claim of police brutality because the alleged facts support such a claim).

In order for Stilwell to state a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment in the context of the denial of proper medical treatment, he must allege facts that show the Defendants acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). We find that for § 1915A purposes, Stilwell alleged sufficient facts to show that he had serious medical needs. [2] We also find that it is not "beyond doubt" that Stilwell can prove no set of facts in support of a claim that Wray and Stern were deliberately indifferent to his medical needs. See Hudspeth, 584 F.2d at 1347.

_____

[2] We express no opinion as to the ultimate merits of Stilwell's complaint.

3

With regard to Defendant Conceco, we find that Stilwell failed to allege any facts that might lead to the conclusion that Conceco was responsible for his medical treatment. The fact that Wray and Stern worked for Conceco is insufficient. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978) (respondeat superior is not applicable to municipalities in § 1983 actions).

We vacate the district court's order to the extent that it dismissed Stilwell's claims against Drs. Wray and Stern, and remand for further proceedings as to those Defendants. We affirm that part of the order that dismissed Stilwell's claim against Conceco. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

4