**PIEDMONT ENVIRONMENTAL COUNCIL, et al., Plaintiffs,**

v.

**Lieutenant General Robert B. FLOWERS, Chief Engineer and Commander, United States Army Corps of Engineers, et al., Defendants.**

No. CIV.A.3:02 CV 34.

United States District Court,
N.D. West Virginia,
At Martinsburg.

March 31, 2004.

Thomas R. Michael, Clarksburg, WV, Andrea C. Ferster, Washington, DC, for Plaintiffs.

Alan G. McGonigal, AUSA, United States Attorney, Wheeling, WV, Pamela S. West, Washington, DC, Sheila D. Jones, William G. Malley, Ian Shavitz, Akin, Gump, Strauss, Hauer & Feld, LLP, David J. Kaplan, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION IN LIMINE

BROADWATER, District Judge.

### I. Introduction

Plaintiffs Piedmont Environmental Council, Route 9 Opposition Legal Fund, West Virginia Rivers Coalition, Friends of Summit Point, Nancy Wilson, and John Porter ("Plaintiffs"), filed this action in this Court on April 23, 2002, against Lieutenant General Robert B. Flowers, Chief of Engineers and Commander, United States Army Corps of Engineers and Fred Vankirk, Secretary, West Virginia Department of Transportation, ("the Corps", "WVDOT", or collectively "the agencies"), seeking to restrain the construction of a 4.6 mile four-lane highway from Charles Town, West Virginia to the Virginia state line. Pending before the Court are WVDOT's motion in limine to preclude plaintiffs from relitigating issues that have

been previously decided by this court[1] and motion to dismiss count three of the amended complaint[2]. For the reasons set forth herein, the Court **GRANTS** the motion in limine and the motion to dismiss count three of the amended complaint.

## II. Factual and Procedural Background

The basic factual background of this case was presented in this Court's previous Memorandum Opinion and Order Granting Defendants' Motions for Summary Judgment, see Route 9 Opposition Legal Fund v. Mineta, 213 F.Supp.2d 637 (N.D.W.Va.2002), and will not be recounted here. The Court will, however, review facts that are relevant to the disposition of the instant motions. This litigation is the second case filed by plaintiffs in an effort to stop the construction of a four-lane divided highway between Charles Town, West Virginia and the West Virginia—Virginia state line. The first case ("Route 9 I") was filed on March 21, 2002, by the same plaintiffs against WVDOT and the Federal Highway Administration ("FHWA"). In Route 9 I, plaintiffs sought judicial review of the environmental impact statement ("EIS") conducted by FHWA pursuant to the National Environmental Policy Act ("NEPA"). The EIS was conducted as part of the planning for the construction of the new Route 9. In Route 9 I, the Court granted WVDOT's and FHWA's motions for summary judgment on August 5, 2002, finding that FHWA's issuance of the Final EIS ("FEIS") was not arbitrary and capricious. Id. at 649. Plaintiffs appealed that decision, and on September 15, 2003, the United States Court of Appeals for the Fourth Circuit upheld this Court's decision granting summary judgment in favor of the defendants. Route 9 Opposition Legal Fund v. Mineta,

75 Fed.Appx. 152, 2003 WL 22119924 (4th Cir.2003) (unpublished).

The instant case was filed on April 23, 2002, against WVDOT and the Corps. Plaintiffs filed an amended complaint on December 27, 2002, alleging that the Corps merely adopted the FEIS prepared for the Route 9 project by FHWA in violation of the Clean Water Act ("CWA"), NEPA, and the Administrative Procedures Act ("APA"). Plaintiffs' complaint contends that the Corps must conduct its own EIS as part of the permitting required under the CWA, and the Corps may not merely adopt the previous analysis conducted by FHWA.

Prior to the Fourth Circuit's decision in Route 9 I, WVDOT filed the instant motions on May 27, 2003, asserting that the Court has already addressed the issue of the adequacy of the EIS. Consequently, WVDOT argues that the plaintiffs are barred from relitigating this issue because of collateral estoppel. The agencies assert that paragraph 43 of plaintiffs' amended complaint seeks to relitigate issues that have already been addressed by this Court—namely that the EIS in Route 9 I adequately addressed the alternatives to building an entirely new four-lane divided highway and the indirect environmental impacts of the new road. The agencies also argue that count three of the amended complaint should be dismissed because the APA does not provide a substantive cause of action. The APA, the agencies argue, is merely a vehicle by which a litigant may bring a cause of action based on a substantive statute. In this case, the agencies argue that the substantive causes of action are violations of NEPA and CWA. The alleged violations of the APA are not cog-

---

1. Docket number 31–1.

2. Docket number 31–2.

nizable claims on their own; thus count three must be dismissed.

Plaintiffs filed their response in opposition to the motions on June 20, 2003. Plaintiffs contend that the new complaint does not seek to relitigate issues previously decided in Route 9 I. Rather, the instant complaint "challenges the NEPA compliance of [the Corps] while the Prior Action focuses on the FHWA's NEPA compliance." (Pls.' Mem. in Opp'n at 4.) Plaintiffs maintain that paragraph 43 of the amended complaint merely challenges the Corps reliance on FHWA's EIS, and under NEPA each agency is required to conduct its own EIS. Plaintiffs also assert that count three of the amended complaint states a viable cause of action because the "fact that the Plaintiffs do not assert the APA as a cause of action *independent* of Plaintiffs' other statutory claims does not meant [sic] that Plaintiffs are barred from asserting such a cause of action *in conjunction* with their other statutory claims." (Pls.' Mem. in Opp'n at 9.) (emphasis in original).

The Corps filed a response in support of WVDOT's motions on June 23, 2003 where it adopted WVDOT's arguments. WVDOT filed its reply memorandum of law in further support of the motions on July 11, 2003. On March 29, 2004, the parties appeared before the court for an oral argument on the pending motions. The parties have fully briefed the issues presented and the court has considered the pleadings, submissions, applicable law on point, and counsels' presentations at the oral argument. Thus, the pending motions are ripe for decision.

### III. Applicable Law

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1356 (1990)). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of. facts which could be proved in support of [the subject] claim." *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996) (citing *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir.1999). When rendering its decision, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser–Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1314 (4th Cir.1995). Moreover, "[c]ollateral estoppel forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.'" *Sedlack v. Braswell Servs. Group Inc.*, 134 F.3d 219, 224 (4th Cir.1998) (quoting *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994)).

### IV. Discussion

#### A. Motion in Limine—Collateral Estoppel

The issue presented in WVDOT's motion in limine is whether the allegations

contained in paragraphs 43a and 43b of plaintiffs' amended complaint are barred because of collateral estoppel. "For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." *Sedlack,* 134 F.3d at 224.

■ Plaintiffs' amended complaint provides in relevant part

The reliance by the Corps of Engineers of Final EIS, and the separate NEPA Finding of NO Significant Impact made by the Corps, are inadequate under NEPA in at least the following respects:

 a. Discussion of Alternatives. The discussion of alternatives in the EIS is not legally sufficient on the grounds, among others, that the EIS failed to consider a true upgrade to the existing two-lane Route 9, by widening shoulders, realigning curves, and adding turning lanes to improve traffic operations and address roadway deficiencies.

 b. Indirect Environmental Impacts. The regional secondary and cumulative impact analysis contained in the Finale EIS failed to address the possibility or likelihood that construction of a four-lane highway to the border of Virginia, either alone or in conjunction with the other major transportation projects in the the Eastern Panhandle region of West Virginia, would generate traffic pressures on the connecting two-lane roadway in Virginia, spurring demand to create a multi-lane freeway in Virginia.

(Pls.' Am. Compl. ¶ 43.) Clearly, the issues plaintiffs seek to litigate in paragraphs 43a and 43b are barred from consideration in this litigation because all five factors of the *Sedlack* test are satisfied here. FHWA's FEIS, which was at issue in Route 9 I, took into account the discussion of alternatives and the indirect environmental impacts. *See Route 9 Opposition Legal Fund,* 213 F.Supp.2d at 644–46. Indeed, the discussion of alternatives and the indirect environmental impacts in Route 9 I are identical to the issues presented in paragraphs 43a and 43b of the instant amended complaint. Moreover, these two issues were actually determined by this Court in Route 9 I, and the Fourth Circuit upheld this Court's determination that FHWA's FEIS was not arbitrary and capricious. *Route 9 Opposition Legal Fund v. Mineta,* No. 02–2007 at 8–9. The very essence of the dispute in Route 9 I was whether FHWA's FEIS was arbitrary and capricious; thus that issue was a critical and necessary part of that decision.

The decision rendered by this Court in Route 9 I was decided on the parties' motions for summary judgment. Obviously, disposition of a parties' motion for summary judgment satisfies the final and valid judgment requirement. Finally, plaintiffs in the instant action are the exact same plaintiffs as appeared in Route 9 I. Thus, plaintiffs here had a full and fair opportunity to litigate the issue previously. For these reasons, the Court finds that the issue presented in paragraphs 43a and 43b of plaintiffs amended complaint are barred by collateral estoppel and may not be relit-

igated in this action [3].

## B. Motion to Dismiss the APA Claim

 Unfortunately for plaintiffs, it is well settled that the APA does not provide litigants with a separate cognizable cause of action. *See Prairie Wood Prods. v. Glickman,* 971 F.Supp. 457, 472 (D.Or. 1997) (stating that "[t]he APA ... is merely a vehicle for carrying substantive challenges to court and does not provide a cause of action independent from the substantive laws governing agency action.") (citing *City of Santa Clara, Calif. v. Andrus,* 572 F.2d 660, 666 (9th Cir.1978)). Plaintiffs' amended complaint contains three counts: one based on violations of CWA, one based on violations of NEPA, and one based on violations of APA. In light of the rule stated above, the APA claim is improper and WVDOT's motion to dismiss count three must be granted.

### V. Decision

It is therefore **ORDERED** that:

1. WVDOT's motion in limine (Docket number 31–1) is **GRANTED**,

2. WVDOT's motion to dismiss count three of the amended complaint (Docket number 31–2) is **GRANTED**, and

3. A **Scheduling Conference** shall be held on **Monday, May 17, 2004 at 11:30 a.m.**

The Clerk is directed to transmit true copies of this Order to plaintiff and all counsel of record herein.

---

**3.** Plaintiffs' allegations that the Corps did not adequately adopt FHWA's FEIS in accordance with applicable statutes and regulations is, at this stage of the case, a viable claim that has yet to be adjudicated.