**Marsha L. FERRELL, Plaintiff,**

v.

**GRANGE INSURANCE and Motorist Mutual Insurance Company, Defendants.**

**No. CIV.A.3:04–0587.**

United States District Court,
S.D. West Virginia,
Huntington Division.

Feb. 3, 2005.

Donald R. Capper, Huntington, WV, Richard Thompson, Lavalette, WV, for Plaintiff.

Daniel R. Schuda, Schuda & Associates, Charleston, WV, Ethan T. Vessels, John E. Triplett, Jr., and Matthew C. Carlisle, Theisen Brock, Marietta, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

Pending before the Court are Defendants' motions to dismiss.[1] For the reasons that follow herein the Court **DENIES** the motions.

### I.

### Factual Allegations and Procedural Background

Plaintiff Marsha L. Ferrell, is a resident of Wayne County, West Virginia. On or about October 20, 2000, while visiting Newark, Ohio, Plaintiff was involved in a traffic accident. While stopped in traffic, she was struck from behind by a vehicle driven by Angela J. McClean which in turn caused Ms. Ferrell to strike another vehicle. As a result of the accident, Plaintiff suffered injuries and property damage.

Ms. McClean, a resident of Ohio, was insured by Grange Insurance ("Grange").

Plaintiff filed suit against McClean and her own insurance company, Motorists Mutual Insurance Company ("Motorists"), in Ohio state court. Plaintiff was awarded damages which exceed McClean's Grange coverage; therefore, under Plaintiff's underinsured coverage, Motorists paid the balance of the jury award.

Following the resolution of the Ohio suit, Plaintiff brought the present action in Wayne County, West Virginia, alleging that the defendants, in attempting to settle Plaintiff's claims, breached their duty of good faith and fair dealing under the W.Va. Unfair Trade Practices Act § 33–11–1, et. seq., as well as Series 14 of the Insurance Commissioner's regulations. Plaintiff further alleges that Defendants conspired to offer her an unfair and unreasonable settlement of her claim in violation of the W.Va. Unfair Trade Practices Act ("WVUTPA"). The defendants timely removed the case to this Court based upon diversity jurisdiction. Grange and Motorists now, in separate motions, move to dismiss Plaintiff's claims.

### II.

### Analysis

A. Choice of Law

The Court will first turn its attention to what law will govern Plaintiff's claims for bad faith and unfair trade practices. In that analysis, the Court must employ West Virginia's choice-of-law rules because this case concerns issues of state law, not federal law, and the Court sits in West Virginia. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The

---

1. The following motions are pending: Defendant Grange's Motion to Dismiss [7]; Defendant Grange's Amended Motion to Dismiss [15]; Defendant Motorist Mutual's Motion to Dismiss Due to Improper Venue or Alternative Motion to Transfer to United States District Court for Southern District of Ohio [6]; and Defendant Motorist Mutual's Motion to Dismiss for Failure to State a Claim [5].

Court must first characterize the type of issue involved, as either one arising out of tort law or out of contract law. Plaintiff's claims under the WVUTPA "can be characterized as part-contract and part-tort: part-contract because such claims do not arise in the absence of an insurance contract and part-tort because such claims can be brought by third parties and result in awards of tort-like damages." *Pen Coal Corp. v. William H. McGee and Co., Inc.*, 903 F.Supp. 980, 983 (S.D.W.Va.1995). However, the courts are split as whether to proceed under a contract or tort choice of law analysis. A court in this district, for the purpose of choice of law analysis, has characterized WVUTPA claims as contract claims. *See Pen Coal Corp.*, 903 F.Supp. at 983. However, the Fourth Circuit in an unpublished decision characterized claims brought under WVUTPA as tort claims. *See Yost v. Travelers Insurance Co.*, 181 F.3d 95, 1999 WL 409670 (4th Cir.1999) (citing *Poling v. Motorists Mutual Insurance Co.*, 192 W.Va. 46, 450 S.E.2d 635, 638 (1994)).[2]

■ This Court finds that in the present case it does not matter how the claims are characterized because, under either analysis, West Virginia law would apply. Under a contract claim analysis, West Virginia law would apply because Plaintiff's claims center around a car insurance contract entered into in West Virginia to insure a West Virginia driver and a vehicle primarily driven in West Virginia. Though Defendant Grange is not a party to that contract, Plaintiff alleges that Grange conspired with Motorists, the West Virginia insurance company, to interfere in the West Virginia contract. Given that West Virginia was the place of contract, residence of Plaintiff and the location of the alleged unfair and bad faith settlement practices, West Virginia has "the most significant relationship to the transaction and the parties." *Restatement (Second) of Conflict of Laws*, § 188(1); *See Pen Coal Corp.*, 903 F.Supp. at 983–984. Under a tort claim analysis, because Plaintiff's alleged injuries took place in West Virginia and the conduct is alleged to have taken place in West Virginia, West Virginia law would apply. Additionally, West Virginia has a stronger interest than Ohio in ensuring that its residents are treated fairly in insurance relationships. Therefore, the Court finds that West Virginia law will govern Plaintiff's claims.

**B. Motorist Mutual's and Grange's Motions to Dismiss for Failure to State a Claim**

The Court will next turn to Defendants' motions to dismiss under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim. Defendants Motorist and Grange both argue, in part, that because the conduct giving rise to Plaintiff's allegations occurred in Ohio and since WVUTPA only covers conduct occurring in West Virginia, Plaintiff has failed to state a claim under West Virginia law.

■ Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, the merits of a claim, or the applicability of defenses. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). In considering the motion, the claims must be viewed in the light most

---

**2.** In *Poling* the West Virginia Supreme Court of Appeals stated, "[v]iolation of W.Va.Code, 33–11–4(9) [1985] is tortious conduct that may give rise to a cause of action by a spouse for loss of consortium." *Poling v. Motorists Mutual Insurance Co.*, 192 W.Va. 46, 450 S.E.2d 635, 638 (1994)

favorable to the non-moving party and all allegations accepted as true. *Id.* Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *See Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989) (reaffirmed in *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 n. 4 (4th Cir.1993)). *See generally* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1356 and 1357 (1990 and 1998 Supplement).

■ WVUPTA is intended to protect West Virginia insured. Plaintiff entered into a West Virginia insurance contract with an insurance company licenced to insure in the West Virginia. Plaintiff alleges that she was treated unfairly when she attempted to recover under that policy. Additionally, Plaintiff alleges that Defendant Grange conspired with Defendant Motorists to render an unfair settlement and that these negotiations took place in West Virginia. Taking Plaintiff's allegations as true, just because some of the activities alleged may have taken place outside of West Virginia does not make WVUTPA inapplicable. The important fact is that Plaintiff's claims involve settlement practices that occurred in West Virginia between a West Virginia insured and her insurance company acting in concert with a non-resident company. Because West Virginia has a strong interest in providing an effective means of redress for its citizens, the Court finds both Defendants are accountable under West Virginia law. *See McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

Defendant Motorists in its motion also contends that Plaintiff has failed to allege all of the necessary conduct on the part of Defendant to make out a claim for relief. Specifically, Defendant argues that Plaintiff has failed to allege that its conduct, as required under WVUTPA, was part of a pattern of conduct. However, Plaintiff did allege that "the defendants have engaged in a general business practice." Taking this allegation as true, the Court finds that Plaintiff has made out a claim under WVUTPA. Therefore, dismissal would not be appropriate. *See Pen Coal Corp. v. William H. McGee and Co., Inc.,* 903 F.Supp. at 989.

## C. Motorist Mutual's Motion to Dismiss Due to Improper Venue or in the Alternative Transfer Venue

■ Defendant Motorist has also moved to dismiss under Fed. R. Civ. Pro. 12(b)(3), arguing that venue is improper under 28 U.S.C. § 1391 because both defendants are incorporated in Ohio, a substantial part of the events giving rise to the claim took place in Ohio, and both defendants are subject to jurisdiction in the Southern District of Ohio. However, Defendant is relying upon the wrong statute to determine venue. As the Supreme Court explained in *Polizzi v. Cowles Magazines*:

> Section 1391(a) limits the district in which an action may be 'brought.' Section 1391(c) similarly limits the district in which a corporation may be 'sued.' This action was not 'brought' in the District Court, nor was [Defendant] 'sued' there; the action was brought in a state court and removed to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place such action is pending.'

345 U.S. 663, 665–666, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Plaintiff brought her suit in the circuit court of Wayne County,

West Virginia. Because Wayne County Circuit Court is within the Southern District of West Virginia, Defendants properly removed the action to this Court. Therefore, under Section 1441(a) venue is proper in this Court.

■ Defendant also urges the Court, in the alternative, to transfer the case under 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a) to the Southern District of Ohio. Section 1406(a) provides transfer as a remedy when a case has been filed in a district with improper venue over the case. As discussed above, venue is proper in the Southern District of West Virginia under 28 U.S.C. § 1441(a); therefore, a transfer under § 1406(a) is not proper. The Court may, however, for the convenience of the parties and in the interest of justice transfer the case to another district court where the case could have been brought under 28 U.S.C. § 1404(a).

■ In evaluating a motion to transfer, a district court must "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enterprises, Inc. v. American States Insurance Co.*, 842 F.Supp. 902, 909 (S.D.W.Va.1994). In balancing the relevant factors, a district court generally accords the plaintiff's choice of forum considerable weight. *Id.; Collins v. Straight, Inc.* 748 F.2d 916, 921 (4th Cir.1984). "[A] transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA Enterprises*, 842 F.Supp. at 909.

Defendant Motorists in support of its motion to transfer makes the same arguments as stated above. Defendant relies on the fact that both defendants operate in Ohio. Defendant maintains that the facts giving rise to the case occurred in Ohio; therefore, the necessary witnesses are in Ohio. Additionally, Defendant maintains that Plaintiff would not be inconvenienced to proceed in Ohio since she already availed herself to the Ohio courts.

■ Plaintiff maintains that the balance of relative factors weighs against transfer. She maintains that she entered into an insurance contract with Defendant Motorists in West Virginia and it is in relation to that contract that Defendant Motorists breached its duty and engaged in unfair trade practices. Furthermore, Plaintiff maintains that she suffered economic loss in West Virginia, the relevant conduct regarding the settlement of her claims took place in West Virginia, and necessary witnesses are in West Virginia.

Considering the relevant factors in this case, Defendant has failed to convince the Court that a balancing of these factors justifies the discretionary transfer of this case. It appears to the Court that in a case such as this, where there may possibly be different locations where this case could have been brought, the Court will defer to the location chosen by Plaintiff. The Court views this as a situation where West Virginia is the most convenient forum for Plaintiff and Plaintiff's witnesses, where as Ohio is the most convenient forum for Defendant and Defendant's witnesses. Therefore, because "a transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff," the Court denies Defendant's motion to transfer venue. *AFA Enterprises*, 842 F.Supp. at 909.

**D. Grange's Motion to Dismiss and Amended Motion to Dismiss for Lack of Personal Jurisdiction**

██ Finally, the Court will turn to Defendant Grange's motion to dismiss Plaintiff's claim under Fed. R. Civ. Proc. 12(b)(2) for lack of personal jurisdiction. When a non-resident defendant files a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure challenging the court's power to exercise personal jurisdiction over it, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989) (citation omitted). When, as in this case, the court rules on the motion based solely on the Complaint and affidavits and does not hold an evidentiary hearing or wait until evidence relevant to the jurisdictional issue is presented at trial, " 'the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.' ". *In re Celotex Corp.* 124 F.3d 619, 628 (4th Cir.1997) (quoting *Combs*, 886 F.2d at 676). Under these circumstances, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676.

██ In order for Plaintiff to prove the Court may assert personal jurisdiction over Defendant in this case, Plaintiff must demonstrate (1) that a statute or rule authorizes service of process on Defendant in West Virginia; and (2) that service on Defendant comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Celotex*, 124 F.3d at 627 (citation omitted). As West Virginia's long-arm statute extends to the full reach of due process, "it is unnecessary in this

case to go through the normal two-step formula for determining the existence of personal jurisdiction." *Id.* at 627–28. (citations omitted). Instead, "the statutory inquiry necessarily merges with the Constitutional inquiry." *Id.* at 628. Thus, this Court's inquiry focuses on whether exercising personal jurisdiction over Defendant is consistent with due process. *See id.*

Personal jurisdiction is consistent with the Due Process Clause if the Court determines Defendant has sufficient "minimum contacts" with West Virginia that requiring it to defend its interest in West Virginia "does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The United States Supreme Court has explained that "minimum contacts" must be "purposeful." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A defendant must act in some way in which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotations, citations, and footnote omitted). This requirement "helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Celotex*, 124 F.3d at 628 (internal quotations and citations omitted).

██ In the present case, Plaintiff alleges that Defendant Grange conspired with Defendant Motorist to offer her an unfair settlement of her claims. Taking Plaintiff's allegation as true, this would mean that Defendant Grange conspired with a West Virginia insurance company to offer an unfair settlement to a West Virginia resident insured in West Virginia. The Court finds that this allegation demon-

strates that Defendant Grange's conduct was purposeful and deliberate and that such conduct constitutes sufficient minimum contact with West Virginia to subject the Defendant to the personal jurisdiction of the Court. Furthermore, West Virginia has an interest in ensuring that its residents are not only protected from the bad settlement practices of insurers licensed to do business within the state but also an interest in making sure that its residents are not harmed by out-of-state insurers acting in concert to defraud a resident.

If Plaintiff simply alleged that Grange violated WVUTPA in its settlement discussions with Plaintiff, this Court would likely dismiss the complaint; however, Plaintiff has alleged something more. Plaintiff alleges that Defendant Grange conspired with Defendant Motorists to offer her an unfair settlement in violation of the WVUTPA and Series 14 of the Insurance Commissioner's regulations. Because all allegations must be accepted as true when considering a motion to dismiss and Plaintiff has alleged conspiracy, Defendant Grange's motion to dismiss for lack of personal jurisdiction is denied.

## III.

### Conclusion

For the reasons stated, the Court **DENIES** Defendant Grange's Motion to Dismiss [7]; Defendant Grange's Amended Motion to Dismiss [15]; Defendant Motorist Mutual's Motion to Dismiss Due to Improper Venue or Alternative Motion to Transfer to United States District Court for Southern District of Ohio [6]; and Defendant Motorist Mutual's Motion to Dismiss for Failure to State a Claim [5].

The Clerk is directed to send a copy of this order to all counsel of record and to any unrepresented party and to publish this opinion on the Court's website.